## UNITED STATES ex rel. STARK v. HOWLETT.

United States District Court
S. D. New York.
Sept. 22, 1953.

Meyer Kreeger, New York City, for relator.

J. Edward Lumbard, New York City, for respondent.

EDELSTEIN, District Judge.

The relator, presently in the armed forces, seeks a discharge by way of a writ of habeas corpus on the grounds that he was arbitrarily and capriciously classified as 1A and that his induction into the service after his twenty-sixth birthday was illegal under the governing statute.

Although his case manifestly involves hardship which compels sympathy, I cannot agree that the ultimate decision to classify him in 1A was arbitrary or capricious. After having been deferred for a number of years in a 3A classification, he was reclassified by his Local Board in 1A, and the classification was affirmed by the Appeal Board and the Presidential Appeal Board, by divided votes. Subsequently. he was granted a hearing by the Local Board, which once more reclassified him in 3A. At the suggestion of that board he had procured an additional medical certificate concerning his parents, and

apparently it was this certificate which occasioned the reclassification. However an appeal was taken from that reclassification by the Director of Selective Service for the City of New York, on the ground that there was no evidence presented which had not previously been considered by the Presidential Appeal Board. The Appeal Board reversed the Local Board and put the relator in 1A, and the Local Board thereupon issued a 1A classification card, and refused a further hearing. The relator contends that there was indeed new evidence in his file which had not been previously before the Presidential Appeal Board, namely, the information in the additional medical certificate. But it cannot be said as a matter of law that the medical certificate added anything new to the picture of the parents' physical incapacity considered by the Presidential Board, regardless of whether there was a misunderstanding of such facts by the Local Board. The decision made was a hard one, as indicated by the divided votes of the Appeal and Presidential Appeal Boards, but that decision on the merits is not subject to review here. And after the decision of the Appeal Board, it was not arbitrary or capricious action by the Local Board to refuse to reopen the case and reclassify relator on the basis of the medical certificate which obviously had been held to add nothing of significance.

The contention that under §§ 454 and 456 of Title 50, U.S.C.Appendix, 50 U.S.C.A.Appendix, relator could not legally be inducted into military service after reaching the age of 26 years, rests upon a plausible statutory construction. It is argued that § 456(h) treats in one portion deferments for professional and occupational reasons, and in another portion dependency deferments. After the provision for the first type of deferment, two "provideds" are set forth: one to the effect that deferments in the category shall be only upon an individual basis, and the second extending the liability for training and service to age 35. But after the provision for dependency deferments, it is repeated (although not in the "provided" form) that deferments shall be only upon the basis of individual status, while no further mention is made of extension of liability for training and service to age 35. Hence, it is contended, the "provided" extending the liability for service to age 35 applies only to the first type of deferment, relating to professional and occupational status, which it follows, and does not apply to the second type of deferment, on the basis of dependency. But this argument, relying wholly upon sentence juxtaposition, ignores the precise wording of the statute. A literal reading of the "provided" calling for an extension of liability for training and service leaves no doubt that the extension applies to all persons deferred under any provision of the entire section. This literal interpretation has been adopted by the Selective Service System and I am in accord.

The writ will be dismissed.