**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lawrence Joseph DELL'ANNO,
Defendant-Appellant.**

**No. 26386.**

United States Court of Appeals,
Ninth Circuit.

Jan. 4, 1971.

Steven M. Kipperman (argued), San Francisco, Cal., for appellant.

Paul G. Sloan (argued), Asst. U.S. Atty., James L. Browning, U. S., Atty., Jerrold M. Ladar, Chief, Crim. Div., San Francisco, Cal., for appellee.

Before JERTBERG, DUNIWAY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal from a conviction for failure to report for induction. 50 U.S.C. App. § 462.

As is the case with many problems arising under the Selective Service Act, the dates of significant events are most important to a resolution of the issues. These dates are as follows:

February 27, 1967—The Local Board mailed to the appellant an order to report for induction on March 15, 1967.

March 3, 1967—Appellant's induction date was postponed to the "May call."

April 24, 1967—Form letter C–190 mailed to appellant directing him to report for induction on May 17, 1967.

April 25, 1967—The defendant submitted proof of his marriage on April 24, and that his wife was expecting a child on or about December 5, 1967.

April 27, 1967—The Local Board refused to re-open appellant's classification to consider a claim that he was entitled to a III-A fatherhood deferment for an unborn child stating that under 32 C.F.R. § 1625.2 there had been no change of condi-

**1200**

tion due to circumstances beyond appellant's control.

June 19, 1967—A second Form C-190 letter was mailed to the defendant which fixed appellant's reporting date as July 5. The appellant failed to report on this date and the criminal prosecution ensued.

### Composition of the Local Board

■ Appellant argues that the board was improperly constituted because two members were not residents of the area in which the board has jurisdiction. 32 C.F.R. § 1604.52(c). Hence, he asserts, the orders of that board were invalid. That question has been decided by this circuit contrary to appellant's contention. United States v. Reeb, 433 F.2d 381 (9th Cir. 1970).

### The Claim of a III–A Fatherhood Deferment

■ The substantial claim presented by appellant is that he was entitled to a III-A deferment because he presented to the board on April 25, 1967, proof of marriage and a doctor's certificate of the pregnancy of his wife. The government does not question the bona fides of this proof.

Section 1622.30 stating the III-A classification defines the term "child" as including a child from the date of conception.

However, Section 1625.2 of Title 32 C.F.R. provides that once an induction order has been mailed, a registrant's classification shall not be re-opened unless "the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant

had no control." As disclosed by the chronology of events above, the Local Board received the information from the appellant on April 25, 1967, that the registrant had been married on April 24, 1967 together with a doctor's certificate which established that the wife was pregnant, having conceived on or about March 5, 1967. Both the marriage and the pregnancy had occurred since February 27, 1967, the date upon which the board had mailed to appellant an order to report for induction. Without making a moral judgment or indulging in philosophical questions concerning free will, this court is of the opinion that premarital (post-induction order) conception is the result of consensual conduct and thus, not a "circumstance over which the registrant had no control" within the meaning of § 1625.2 [1] Likewise, the subsequent marriage contract was entirely consensual and appellant's entrance into it obviously was not beyond his control. Battiste v. United States, 409 F.2d 910, 915 (5th Cir. 1969), vacated on other grounds, Troutman v. United States, 397 U.S. 48, 90 S. Ct. 812, 25 L.Ed.2d 35 (1970); Lentine v. Hollingsworth, 308 F.Supp. 317, 322 (D.S.Car.1970).

### "Cancellation" v. "Postponement" of the Induction Order

■ Appellant then contends that 32 C.F.R. § 1625.2 does not apply for the reason that the February 27, 1967, order was subsequently cancelled. Section 1622.30(c)(3) permits fatherhood deferments for unborn children in cases where the claim therefor was presented prior to "an order to report for induction which was not subsequently can-

---

1. This case is distinguishable on its facts from Talcott v. Reed, 217 F.2d 360, 363 (9th Cir. 1954), upon which appellant relies. In *Talcott*, the court was addressing itself to a situation where there was an existing marital relationship at the time the order to report for induction was mailed and received by the registrant. cf. United States ex rel. Johnson v. McBee, 311 F.Supp. 531 (N.D.Ill.1970); United States v. Bruinier, 293 F.Supp.

666 (D.Or.1968). Because of the delicate emotional problems concomitant with an abrupt severing of that relationship, the court declined to invade the "sacred precinct of family life" for the purpose of examining the motives of husband and wife "at a time when there should be the most complete mutuality between the spouses." Here, no family existed on February 27, 1967.

celled." If the February 27, 1967, order was cancelled and the appellant was independently ordered to report for induction by the board's action of June 19, 1967, then the III-A claim was presented well before the June 19, 1967, date. Our decision in White v. United States, 422 F.2d 1254 (9th Cir. 1970), is relied upon to establish that the issuance by the board of an order to report for induction on June 19, 1967, operated to cancel the outstanding order of February 27. Thus it is argued, the only order for induction was the order of June 19, 1967. We do not so construe *White*.

In that case the appellant was originally ordered to report to his board to begin his civilian duty assignment in lieu of induction in November 1966. He failed to report and was indicted. Subsequently he furnished the board additional information which the board reviewed in 1968. The following December 1968 he was again directed to report which he failed to do, was again indicted and was prosecuted and convicted for violating the latter order. Immediately after conviction and sentence on the second indictment, the first indictment was dismissed. That being true, the board itself must have considered the December 1968 order a new order and the November 1966 order cancelled or else he would not have been prosecuted and convicted under the latter order.

Here, unlike *White*, there was only one order under which appellant was required to report for induction and for which his failure to comply resulted in an indictment and conviction. That was the order mailed February 27, 1967, originally setting an induction date of March 15, 1967. It was not cancelled or superseded but merely *postponed*.[2] Appellant's selective service file makes this abundantly clear. On March 3, 1967, appellant was mailed a SSS Form 264 ("Postponement of Induction") notifying him that his induction was postponed until the "May call-1967." He was advised in that document that "[i]t is your continuous duty to report for induction at such time and place as may hereafter be fixed by this local board."

On April 24, 1967, appellant was mailed a Form C-190 which expressly reminded him that he previously had been mailed on February 27, 1967, an order to report for induction which had been "temporarily postponed" and that a new date for reporting had been set for May 17, 1967. This was followed by another Form 264 on May 8, 1967, which again "postponed" his induction until July 1, 1967, and again advised appellant of his continuing duty to report.

On June 19, 1967, appellant was sent another Form C-190 letter which stated:

"1. Under date of February 27, 1967, this local board mailed you an Order to Report for Induction (SSS Form 252) directing you to report for induction on March 15, 1967.

"2. Pursuant to the provisions of Part 1632 of Selective Service Regulations the date you were to report for induction was temporarily postponed.

"3. You are hereby ordered to report for induction at Local Board 42, 100 McAllister St., San Francisco, Calif. at 6:45 A.M. on the 5th day of July 1967."

These facts fall squarely within this court's decision in United States v. Evans, 425 F.2d 302 (9th Cir. 1970), wherein the court noted the continuous duty of the registrant to report subsequent to a postponement, and held that "32 C.F.R. § 1632.2(d) specifically provides that no new order is required in cases of formal postponements." 425 F. 2d at 304. See also United States v. Martinez, 427 F.2d 1358 (9th Cir. 1970), and Vasilj v. United States, 425 F.2d 1134 (9th Cir. 1970). Here there was a "formal postponement" evidenced by the

---

2. *See* Davis v. United States, 410 F.2d 89, 93 (8th Cir. 1969), for a general explanation of the distinction between cancellation and postponement under the selective service regulations.

Form 264 letters (which are expressly required by § 1632.2(b)), and the Form C-190 letters which showed that the board was operating under the original induction order of February 27, 1967.

### Effect of Appellant's Becoming 26 Years of Age

■ Appellant finally contends that he was under no duty to report for induction on July 5, 1967, because he became twenty-six years of age on July 3, 1967, thus ending his liability under the law as it existed prior to the Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq.[3] The question raised is whether the receipt of a I-S deferment (Student Deferred by Statute) extended appellant's eligibility to age 35 under the 1951 amendments to the Selective Service Act of 1948. Act of June 19, 1951, ch. 144, §§ 1(o) and (p), 65 Stat. 84.

Appellant concedes that under the present law receipt of a I-S deferment, which is provided by 50 U.S.C. App. § 456(i) (2), does extend the recipient's vulnerability to induction past the age of 26, 50 U.S.C. App. § 456(h) (1).[4] He further recognizes that provisions for I-S deferments and for age-extension were part of the 1951 amendments to sections 6(h) and 6(i) of the Selective Service Act of 1948. He argues, however, that the language of the age-extension amendment to § 6(h) of the Act did not cover deferments granted under the amendment to § 6(i) of the Act.

Section 1(o) of the 1951 amendment reads, in part, as follows:

"(o) Section 6(h) of such Act is amended to read as follows:

'(h) * * * Provided further, That persons who are or may be deferred under the provisions of this section shall remain liable for training and service in the Armed Forces or for training in the National Security Training Corps under the provisions of section 4(a) of this Act until the thirty-fifth anniversary of the date of their birth.' " (Emphasis supplied to words "this section").

Appellant contends that the words "this section" refer only to deferments enumerated in subdivision (h) of section 6, and not to I-S deferments provided in subdivision (i) of that section. However, a careful examination of the 1951 amendments shows that the drafters were careful to distinguish between "sections," "subsections" and "paragraphs" in the wording of the statute. It is clear that "this section" refers to the entire section 6 of the Act, including subsection 6(i). United States v. Brown, 290 F.Supp. 542, 548 (D.Del. 1968); United States ex rel. Stark v. Howlett, 114 F.Supp. 880 (S.D.N.Y. 1953). See also Kaline v. United States, 235 F.2d 54, 62 (9th Cir. 1956). Consequently, appellant's receipt of a I-S deferment operated to extend his liability beyond age 26.[5] The other arguments made in the brief do not change the result and do not merit detailed discussion.

The judgment is affirmed.

---

3. The Selective Service Act of 1967 was approved on June 30, 1967, but appellant was exempt from its immediate effectiveness pursuant to 50 U.S.C. App. § 470.

4. Section 456(h) (1) provides, in part:
   "Any person who is in a deferred status under the provisions of subsection (i) of this section after attaining the nineteenth anniversary of the date of his birth, or who requests and is granted a student deferment under this paragraph, shall, upon the termination of such deferred status or deferment, and if qualified, be liable for induction as a registrant within the prime age group

irrespective of his actual age, unless he is otherwise deferred under one of the exceptions specified in the preceding sentence." (Emphasis supplied).

5. Appellant argues that even if receiving a I-S deferment extended his liability under the 1951 amendments to the Act, the extension does not apply here because his board erroneously placed him in Class I-S when he actually was entitled to a II-S classification. We do not reach this point because the record shows that appellant did not exhaust his administrative remedies by appealing the I-S classification, as was his right.