**UNITED STATES of America,
Appellee,**

v.

**Robert Zachary FELDMAN, Appellant.**

**No. 25494.**

United States Court of Appeals,
Ninth Circuit.

Feb. 4, 1971.

J. B. Tietz, Atty., Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Tom G. Kontos, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Robert Feldman stands convicted on a two-count indictment charging him with failure to report for induction into the Armed Services on March 19, 1968, and refusing to be inducted on October 8, 1968. Both counts charge separate violations of 50 U.S.C. App. § 462. On appeal, he attacks the validity of his order to report for induction claiming that the local Board should have reopened his classification to consider his claims for an occupational deferment and a conscientious objector classification.

The relevant history of appellant's dealings with the Local Board can be summarized as follows: On November 4, 1965, the Board classified Feldman I–A. On two subsequent dates, Feldman requested and received a II–S classification (student) deferment. On December 1, 1966, the Board classified defendant I–A. Eight days later the Board received a letter from California State College at Los Angeles stating that Feldman had withdrawn from school. Defendant was then ordered to report for a physical examination. On January 31, 1967, the Board received a letter from California State College at Los Angeles indicating that Feldman had enrolled as a full-time student for the 1967 Spring Semester, which would end in June, 1967. Despite this notification, the Board ordered defendant to report for induction on April 18, 1967, but

postponed the induction until further notice. On April 6, 1967, at his request, Feldman was classified I–SC (student deferment until end of academic year).

Feldman enrolled for college the following Fall but was classified I–A by the Board on October 5, 1967. He appealed that classification on the ground that he was entitled to a student deferment. The I–A classification was upheld on appeal.

On January 22, 1968, the Board received a letter from defendant's employer supporting a request by defendant for a II–A classification (occupational deferment). The Board declined to reopen the classification based upon the facts contained in the letter from Feldman's employer. Defendant was ordered to report for induction on March 19, 1968. Feldman's subsequent refusal to submit to induction constitutes the basis for his conviction.

The facts just outlined disclose that at the time Feldman was classified I–A in October, 1967, he was a full-time student in his third year of study in college. At one point in his career he had dropped out of school for a period, but had carried a I–A classification during that time. Upon returning to school he was classified I–S, and the following year the Board refused his request for a II–S classification and classified him I–A.

A student deferment is not discretionary and on the facts presented in this case there was no authority for the Board's refusal to grant the II–S deferment. Breen v. Selective Service Local Board, 396 U.S. 460, 90 S.Ct. 661, 24 L. Ed.2d 653 (1970). Feldman had not received four years of student deferment and he had full academic credit for the amount of time he had held such deferment. Consequently, his I–A classification was erroneous. Naturally, Feldman was required to take an appeal from that classification or lose the right after thirty days. He did so, but lost the appeal. So at that point he had exhausted his automatic right to appeal.

Subsequently Feldman was employed as a computer programmer for Informa-tion Utility Corporation. Feldman and his employer submitted letters requesting an occupational deferment. However, because Feldman had been forced to exhaust his right to appeal as a result of the erroneous classification, he now had no right to a personal appearance, nor a right to appeal, both instances in which he could have presented further evidence with respect to his occupational deferment request. The denial of his procedural right to plead his case before the Board and on appeal, as a result of the erroneous classification, worked to his substantial prejudice. Consequently, appellant's conviction is

Reversed.