UNITED STATES of America,
Plaintiff-Appellee,

v.

Craig Joseph STACEY, Defendant-Appellant.

No. 26584.

United States Court of Appeals,
Ninth Circuit.

April 12, 1971.

Martha Goldin (argued), Hollywood, Cal., for defendant-appellant.

Elgin C. Edwards, Asst. U. S. Atty. (argued) Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Gregory Fischbach, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES and ELY, Circuit Judges, and SOLOMON, District Judge.*

BARNES, Circuit Judge.

Appellant Stacey appeals from his conviction for refusing to submit to induction in violation of 50 U.S.C.App. § 462. Our jurisdiction is based upon 28 U.S.C. § 1291.

■ Appellant's basic claim is that 32 C.F.R. § 1625.2 is unauthorized by and in conflict with the Military Selective Service Act of 1967, 50 U.S.C.App. § 451 et seq., and as applied to appellant violates due process and equal protection and infringes upon freedom of religion. In Ehlert v. United States, 422 F.2d 332, 334 (9th Cir. 1970) aff'd 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), this Court in an *en banc* opinion upheld the validity of § 1625.2. See also Oshatz v. United States, 404 F.2d 9 (9th Cir. 1968). *Accord:* United States v. Gearey, 368 F.2d 144 (2nd Cir. 1966), Keene v. United States, 266 F.2d 378 (10th Cir. 1959), United States v. Bea-

ver, 309 F.2d 273 (4th Cir. 1962) cert. denied 371 U.S. 951, 83 S.Ct. 505, 9 L. Ed.2d 499 (1962), etc. By reason of the above cases, we decline to decide this case contrary to *Ehlert.*

■ Stacey next contends that due process requires an administrative proceeding to determine late crystallization of conscientious objection. *Ehlert's* holding that late crystallization does not constitute a change in status resulting from circumstances beyond the registrant's control (within the meaning of 32 C.F.R. § 1625.2), renders such a proceeding valueless in a case such as this.

■ Appellant argues that the local board was not properly constituted since not all of its members resided within the local board's jurisdiction. The same contention was considered and rejected by this Court in United States v. Reeb, 433 F.2d 381, 383-384 (9th Cir. 1970); see also United States v. Nix, 437 F.2d 746 (9th Cir. 1971); and Czepil v. Hershey, 425 F.2d 251 (7th Cir. 1970), cert. den., Czepil v. Tarr, 400 U.S. 849, 91 S. Ct. 44, 27 L.Ed.2d 87 (1970).

■ Appellant next contends that the postponing of his induction by the local board constituted a cancellation of his induction order under 32 C.F.R. § 1632.-2. On December 8, 1969, appellant's local board postponed his induction which was scheduled for December 9, 1969 "until further notice". In United States v. Martinez, 427 F.2d 1358, 1360 (9th Cir. 1970), we rejected this argument. The postponement in this case (November 18, 1969 until January 27, 1970) lasted only 70 days and was well within the 120 days allowed by the regulation.

■ Appellant's final contention in that his letter which the board received on November 7, 1969 [Selective Service File, p. 34] "request[ing] a ninety-day deferment (Postponement of induction) to continue [his] work at the Post Office" was a request for an occupational deferment which the board erroneously

---

* The Honorable Gus J. Solomon, Chief Judge, District of Oregon, sitting by designation.

failed to consider.[1] The local board apparently construed the letter as only a requst for a postponement of induction and did not consider it as a request for an occupational deferment. It is argued that the letter is not ambiguous, and appellant strongly suggests the request contained all of the formal elements required for an occupational deferment by 32 C.F.R. § 1622.2.

At trial, the district court considered and rejected the argument that the board should have considered the letter as requesting an occupational deferment:

> "The *sine qua non* of this whole rule of law is that there must be what is reasonably apprehended as a request for a change in classification. And this correspondence cannot reasonably be said to rise to that dignity or to be of that nature at all." [R.T. 68].

We need not decide the question, however. Assuming, *arguendo,* that the letter did request an occupational deferment, the board could and was under a duty to reopen the registrant's classification only if his request met the requirements of § 1625.2. This regulation, in pertinent part provides:

> "The classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

█ It is by now settled doctrine in this and other circuits that to be granted a reopening of his classification after an induction order has been issued, the registrant must not only present facts which, if true, would support a different classification, but must also make a *prima facie* allegation following § 1625.2, that "there has been a change in the registrant's status resulting from circumstances over which the registrant had no control". Thus, in addition to presenting a *prima facie* case with respect to the requested classification, the registrant must also present a *prima facie* case of changed circumstances. See United States v. Weersing, 415 F.2d 130, 134–135 (9th Cir. 1969), cert. denied, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Ehlert, supra,* 422 F.2d at 335–336 (concurring opinion); United States v. Maine, 417 F.2d 951, 953–954 (10th Cir. 1969); Clark v. Volatile, 427 F.2d 7 (3rd Cir. 1970); Shook v. Allen, 307 F.Supp. 357 (N.D.Ohio 1969).

Appellant, in his letter of November 7, 1969, offered no facts upon which a finding that "a change in the registrant's status" occurred after the mailing of the notice of induction might have been based. Although he cites the commencement of the Christmas rush and the personnel shortage suffered by the Post Office in his brief as constituting the *prima facie* case, these facts alone do not satisfy the regulation. In order to meet the requirements of § 1625.2, the registrant must set out facts showing a change in status between November 5, 1969 (the date the induction order was mailed), and November 7, 1969 (the date of the letter). The facts he related in the letter in no way establish or even suggest that if his status did change, it was during that period. He does not state that the Christmas rush began during those two days or that the Post Office determined after he

---

The full text of the letter is as follows:
"Gentlemen:

I have received induction orders for November 25th. I am currently employed in the United States Post Office, Del Mar Branch. This particular office is suffering from an acute shortage of manpower, the Christmas season is nearly upon us and the volume of mail is increasing rapidly. If I leave my position they will be even more hard-pressed, and the time it would take to train a new employee is 2–3 months.

For these reasons I respectfully request a ninety-day deferment (postponement of induction) to continue my work at the Post Office. Your consideration in this will be greatly appreciated. Sincerely, /s/ Craig J. Stacey."

received the order that his induction would impair the effectiveness of its activities. From his letter, the board could have found that if he did meet the requirements for an occupational deferment, he satisfied them before November 5, 1969, and that consequently there was no change in status after the date. It was the appellant's burden to establish, *prima facie*, that his status changed after the mailing of his induction order. Because he did not meet that burden, the board could not make the specific finding required by § 1625.2 before reopening. Therefore, even if we were to assume that appellant stated a *prima facie* case for an occupational deferment in his letter, the board could not consider his request. If the board erred in failing to consider his request as an occupational deferment, it was harmless because the board was not supplied with facts upon which it could have based a reopening of the registrant's classification. It follows that appellant could have suffered no prejudice to his procedural rights as a result of the board's not considering his letter as requesting an occupational deferment.

The judgment is affirmed.