**Marcos M. CALDERON, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 25388.

United States Court of Appeals, Ninth Circuit.

June 23, 1971.

J. B. Tietz (argued), Los Angeles, Cal., for defendant-appellant.

Larry S. Flax, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, Chief Judge, HUFSTEDLER, Circuit Judge, and PECKHAM, District Judge.

PER CURIAM:

The conviction of appellant for failure to submit to induction in violation of 50 U.S.C. App. § 462 is affirmed.

 The local board's denial of his request for conscientious objector classification was not erroneous. Appellant's SSS Form 150 was submitted after the mailing of a valid induction order, and the Form failed to show a change in circumstances beyond the registrant's control since all that was presented was conscientious objection which had crystallized after receipt of the induction order. 32 C.F.R. § 1625.2; Ehlert v. United States, 422 F.2d 332 (Ninth Cir. 1970), affirmed 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (April 21, 1971).

Further, the denial by the local board of appellant's request for an occupational deferment was not erroneous. Since the request was made after the receipt of the induction order, the registrant was required to state not only a *prima facie* case substantively for the deferment itself, but also a *prima facie* case for a change in circumstances beyond his control. 32 C.F.R. § 1625.2; United States v. Stacey, 441 F.2d 508 (Ninth Cir., 1971). Even assuming that appellant did make a *prima facie* showing for the deferment itself, still the facts which he presented to the local board did not indicate that his employment status had changed after the mailing of his induction order. Accordingly, there was no *prima facie* statement of a change in circumstances beyond his control, and the board was correct in not reopening.

Finally, since the local board did not err in either instance in refusing to reopen the registrant's classification, the registrant had no right to a personal appearance of which he could have been deprived. 32 C.F.R. §§ 1624.1, 1624.2.

Affirmed.