**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawrence Gaylord OLSON, Defendant-Appellant.**

**No. 71–1617.**

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1971.

Gerard J. Glass, San Francisco, Cal., for defendant-appellant.

James L. Browning, U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH and CHOY, Circuit Judges, and POWELL *, District Judge.

CHOY, Circuit Judge:

Lawrence Olson appeals his conviction for refusal to submit to induction. We affirm.

On October 11, 1966, Olson enrolled in Shasta Junior College and subsequently received a II–S student deferment. In 1967, he transferred to Cabrillo Junior College, and the II–S was continued. At the completion of his second year in college, his first at Cabrillo, Olson had completed 58½ units, which fell short of the 60 units required by Cabrillo for junior college graduation after two years.

In December, 1968, Olson's Local Board found that he was not "satisfactorily pursuing a full-time course of instruction" within the meaning of 32 C.F.R. sec. 1625.25 [1] and reclassified him I–A. One day after the expiration of the thirty-day appeal period, Olson asked for an appeal and a personal appearance before the Board. The Board granted the appeal, but refused a personal interview. The I–A was upheld on appeal, and Olson was ordered to report for induction. He failed to do so, and was reordered to report. He did so, but refused to take the symbolic step forward. Olson was then indicted and convicted.

---

* Honorable Charles L. Powell, Chief Judge, United States District Court for the Eastern District of Washington, sitting by designation.

1. (a) In Class II-S shall be placed any registrant who has requested such deferment and who is satisfactorily pursuing a full-time course of instruction at a college, * * * such deferment shall continue until such registrant * * * fails to pursue satisfactorily a full-time course of instruction. * * *
   (b) A student shall be deemed to be "satisfactorily pursuing a full-time course of instruction" when, during his academic year, he has earned, as a minimum, credits toward his degree which, when added to any credits earned during prior academic years, represent a proportion of the total number required to earn his degree at least equal to the proportion which the number of academic years completed bears to the normal number of years established by the school to obtain such degree. For example, a student pursuing a four-year course should have earned 25% of the credits required for his baccalaureate degree at the end of his first academic year, 50% at the end of his second academic year, and 75% at the end of his third academic year.

■ The Local Board was correct in revoking Olson's II–S and reclassifying him I–A. Olson enrolled in a two-year college in October, 1966, and in October, 1968, should have completed the full 60-credit program required to graduate. He did not. Olson had four years from 1966 to obtain his baccalaureate degree; the letter sent by Tahoe College in 1969, attesting that he was enrolled as a full-time third-year student at that institution and would graduate in 1971, confirmed that he could not do so.[2]

The Selective Service System recognizes that the four-year requirement need not be rigidly applied when a student transfers from a junior or community college to a four-year school. Local Board Memorandum No. 43, issued by the Director of Selective Service, provides:

"When a registrant transfers from a junior college or community college to a degree granting institution, and loses credit through no fault of his own, he may have less than the percent of course completion required in R(egulation) 1625.25(c). * * * The local board may, in its discretion, grant a II–S deferment for the first year after transfer. * * *"

■ But this Memorandum does not help Olson. First, the II–S deferment is discretionary with the Local Board. It need not be given. Second, the Memorandum applies only when a registrant transfers from a junior to a four-year institution and loses credit in that transition. Olson lost his credits in his move from Shasta Junior College to Cabrillo Junior College, or during his enrollment at either school. Finally, Olson has not proved that he lost his credits through no fault of his own.

■ Whether a student is "satisfactorily pursuing a full-time course of instruction" is a question of fact. In resolving that question, the main source of information and evidence is generally the college administration. "When a college cannot certify that the registrant is expected to graduate on time, certainly a local board would have a basis in fact for terminating the [II–S] deferment." Coleman v. Tolson, 435 F.2d 1062, 1064 (4th Cir., 1970). Olson could not graduate in time. The Local Board was correct in revoking his II–S. United States v. Brooks, 415 F.2d 502 (6th Cir., 1969).

There is no evidence in the record to indicate that the Board's refusal to reopen Olson's classification when it received the Tahoe College letter was punitive in nature. Since Olson had not presented a prima facie case warranting reopening his classification, the Board's refusal to do so was not illegal.

■ Finally, Olson cites United States v. Karlock, 427 F.2d 156 (9th Cir., 1970), and urges that once the Board had waived the thirty-day appeal requirement and allowed his appeal, it was also obligated to grant him a personal appearance. We find Karlock distinguishable. Karlock brought a new classification request to his board's attention; and once it had agreed to entertain that new classification request, it had an obligation to afford the registrant an opportunity for both local and appeals board review. Here, Olson was continuously contesting the validity of the revocation of his II–S. To extend Karlock to such a situation is unwarranted. The Board's decision here to bestow one benefit does not require it to bestow another.

Affirmed.

---

2. Nor did the Tahoe College letter constitute a prima facie case warranting reopening Olson's classification. 32 C.F.R. sec. 1625.4; Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). The letter confirmed the fact that Olson had not completed his second academic year according to the terms of

the Regulations. Since Olson's academic year terminated in October, 1968, United States v. Brandt, 435 F.2d 324 (9th Cir., 1970), a prima facie case would have to show that at that time Olson had completed 50% of the credits needed to graduate in 1970. The Tahoe College letter did not show that.