**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Charles JENSON, Defendant-**
**Appellant.**

**No. 26941.**

United States Court of Appeals,
Ninth Circuit.

Oct. 28, 1971.

Rehearing Denied Dec. 2, 1971.

---

William Flenniken, Jr. (argued), San Francisco, Cal., for defendant-appellant.

John G. Milano, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER, and TRASK, Circuit Judges.

BROWNING, Circuit Judge:

Appellant appeals his conviction for refusing to submit to induction in viola-

tion of 50 App.U.S.C. § 462 (1968). We affirm.

## I

On February 7, 1969, the board ordered appellant to report for induction on February 19. The date of induction was postponed several times at appellant's request.

On July 8, 1969, the board issued a further order referring to the induction order of February 7 and fixing a new reporting date of July 23. This order was returned to the local board unopened. Appellant was traveling in Europe and had left no forwarding address.

On August 25, 1969, the local board referred appellant's file to the United States Attorney for prosecution. On November 25 the United States Attorney filed a complaint before the United States Commissioner charging appellant with failure to comply with the order of July 8. Appellant was arraigned on this complaint on December 2, 1969. On that day, immediately following the arraignment, a military representative of the local board served appellant with an order advising appellant of his continuing duty to report for induction under the original order of February 7 and directing him to report for induction December 8, 1969. Appellant reported on December 8 but refused to step forward. Conviction for that refusal followed.

Appellant contends that his local board had no jurisdiction to issue the December 2 order to report for induction December 8. The substance of appellant's argument, cast in terms of due process and separation of powers, is that the jurisdiction of the Selective Service System must end at some point; that the most logical point is when the local board reports a delinquent registrant to the United States Attorney for prosecution; and that, in any event, the authority of the local board must have come to an end when, as here, a criminal complaint has been filed charging a registrant with failure to report and the registrant has been arraigned on that complaint. Otherwise, appellant argues, "a local board could continue issuing orders to report for induction, with its incident criminal consequences if refused, *ad infinitum.*"

■■■ The board's December 2 order simply fixed a new date upon which appellant was required to report for induction pursuant to the original order of February 7, 1969. The regulations provide that "Regardless of the time when or the circumstances under which a registrant fails or has failed to report for induction pursuant to an Order to Report for Induction * * *, it shall thereafter be his continuing duty from day to day to report for induction * * * to his own local board and to each local board whose area he enters or in whose area he remains." 32 C.F.R. § 1642.15.[1] The reasonable implication is that when a delinquent registrant is found within the jurisdiction of his own local board, as here, that board shall fix the date upon which he is to report pursuant to his continuing duty to do so.[2] The regulations also make it clear that a registrant is not relieved of his duty to obey because he is or has been in custody. 32 C.F.R. §§ 1642.32–1642.33.[3]

1. All references are to the regulations in effect at the relevant times in 1969.

2. The regulations provide that if a delinquent registrant is brought before a local board other than his own, the latter shall advise his local board that he will be inducted if satisfactory to his own board, and the local board before which he has been brought is expressly authorized to prepare such papers as may be necessary to effect his induction. 32 C.F.R. § 1642.21. The assumption is that the registrant's own local board already possesses this authority.

3. The power to reopen and reclassify in some circumstances also survives the issuance of an induction order. 32 C.F.R. § 1625.3. Apparently, the power to reclassify also survives a registrant's refusal to comply with the induction order. 32 C.F.R. § 1625.14. *See* Palmer v. United States, 401 F.2d 226, 228 n. 1 (9th Cir. 1968). Indeed, we have held that the state director may direct the local board to reclassify even after a registrant has been indicted. United States v. Lloyd, 431 F.2d 160, 171 (9th Cir. 1970).

■ No constitutional imperfection appears on the face of these regulations. Nor are the constitutional problems hypothesized by appellant presented by the manner in which the regulations were applied to him, for the complaint alleging a violation of the order of July 8 was dismissed and appellant was indicted and convicted of violating the order of December 2, and only that order.

## II

Appellant next argues, without supporting authority, that he could not be inducted on December 8, 1969, because the induction center had not received the letter from the United States Attorney described in Army Regulation 601–270 § 3–9(c) (3).[4]

The government responds that these "notice requirements were not for the benefit of appellant but were for the convenience of the Army and in the interests of efficient coordination of the Department of the Army and the Justice Department."

■ Assuming this to be true (*cf.* Bjorson v. United States, 272 F.2d 244, 249, 250 (9th Cir. 1959); Korte v. United States, 260 F.2d 633, 637 (9th Cir. 1958); United States v. Brooks, printed in 415 F.2d 507, 510 (M.D.Tenn.1968),

aff'd 415 F.2d 502 (6th Cir. 1969)), that would not be the end of the inquiry. We have reversed convictions under the Selective Service Act because the Army failed to comply with regulations intended for the Army's benefit. Regulations relating to the rejection of registrants for security reasons, for example, are "wholly for the benefit of the Army" (Welsh v. United States, 404 F.2d 1078, 1085 (9th Cir. 1968), rev'd on other grounds, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970)), yet failure of the Army to comply with the regulation providing for completion of the security questionnaire may require reversal of a conviction for refusal to submit to induction. Oshatz v. United States, 404 F.2d 9, 12 (9th Cir. 1968). *See also* Briggs v. United States, 397 F.2d 370, 373 (9th Cir. 1968).

The controlling question is not whether the regulation was designed to benefit the Army or the registrant. Rather, as *Welsh, Oshatz,* and *Briggs* suggest,[5] the question is whether noncompliance prejudiced the registrant. Here it did not.

■ Appellant's claim of prejudice is necessarily narrow. There is nothing to indicate that either a judge [6] or the United States Attorney had any objection to offering appellant another opportunity to

---

4. Army Regulation 601–270 § 3–9(c) (3) reads:

 "Men who have filed and pending against them a criminal charge alleging violation of the Military Selective Service Act of 1967 may be processed for induction, and inducted, if otherwise acceptable, upon receipt by the AFEES of a letter (furnished directly to the AFEES or through the Selective Service local board from the U. S. Attorney concerned with the prosecution of registrant's case) reflecting that—
 
 (a) Neither he nor the judge of the U. S. District Court concerned has any objection to the man's induction prior to judicial disposition of the charge.
 
 (b) Upon notification that the man has been inducted, appropriate action will be taken to accomplish dismissal of the charge against the man."
 
 "AFEES" is the acronym for Armed Forces Examining and Entrance Station —an induction center.

5. We have so held in many other cases. *See, e. g.,* United States v. Martinez, 427 F.2d 1358, 1359 (9th Cir. 1970); United States v. Cralle, 415 F.2d 1065, 1067 (9th Cir. 1969); Yaich v. United States, 283 F.2d 613, 619–620 (9th Cir. 1960); Knox v. United States, 200 F.2d 398, 401 (9th Cir. 1952).

6. No "judge of the U. S. District Court" was concerned with whether appellant was inducted before the complaint was disposed of. The only judicial officer involved was the United States Commissioner, and the government was entirely free to dismiss the complaint without his acquiescence. This suggests that a complaint may not be a "filed and pending * * * criminal charge" within the meaning of A.R. 601–270 § 3–9(c) (3). While not deciding this question, we assume the contrary arguendo.

submit to induction in lieu of instituting prosecution on the pending complaint.

All appellant established was that the letter reflecting these views apparently had not been written. The only possibility of prejudice to appellant from this omission was that it may have contributed in some way to his refusal to submit to induction—as it might, for example, if appellant was thereby deprived of an assurance he would have had that the pending charges would be dismissed if he stepped forward. But there is nothing to indicate that appellant's refusal to be inducted was influenced in any way by the letter's absence. Under the regulation the letter would have been addressed to the induction center, not to appellant. There is nothing to indicate that appellant was aware that it had not been written when he chose to refuse induction. Indeed, the record strongly suggests that he was either unaware of the omission or unconcerned by it. Appellant wrote to his board after his arraignment but before his refusal to be inducted. He stated that the order of December 2 was unlawful because he had been charged with failure to report before the order was served upon him, but he did not rely in any way upon the absence of the United States Attorney's letter.

Thus, the possibility of prejudice relied upon in *Oshatz* and *Briggs*—namely, that appellant might not have been faced with a felony charge for refusing to submit to induction had the regulation been complied with—is not present here.

### III

Appellant was reclassified from II–S to I–A on January 25, 1968. Appellant concedes this was proper based on the information in appellant's file at the time. On June 4, 1968, however, appellant submitted information to his local board indicating that he had in fact been a full-time student when reclassified. The board refused to reopen appellant's I–A classification. Appellant contends that he had presented a prima facie claim for a II–S classification and therefore the board's refusal to reopen deprived him of his right to administrative appeal, constituted an abuse of discretion, and rendered the subsequent induction notice invalid. *See* Mulloy v. United States, 398 U.S. 410, 415, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1971).

The fact that appellant was pursuing a full-time course of instruction was not alone sufficient to establish that he was entitled to a II–S classification. It was also necessary for him to show that he was pursuing such a course of instruction "satisfactorily." 32 C.F.R. § 1622.25(a). This means that a student pursuing a four-year course, as appellant was, must show that he was earning sufficient credits to graduate at the end of four years. 32 C.F.R. § 1622.25(c). When it appears from the record that a registrant's rate of progress is such that he will not graduate on time, the board may revoke his II–S classification. United States v. Olson, 447 F.2d 1362 (9th Cir. 1971). *See also* Coleman v. Tolson, 435 F.2d 1062, 1064 (4th Cir. 1970); United States v. Brooks, 415 F.2d 502, 506 (6th Cir. 1969).

The local board necessarily relies heavily upon information furnished by the school. Contrary to appellant's contention, however, the board is not bound by the school's conclusion that a registrant is satisfactorily pursuing a full-time course of instruction. Whether the registrant meets the requirements of the Act and regulations must be determined ultimately by the board itself. 32 C.F.R. § 1622.1(c).

Here the record disclosed that appellant began his college career in September 1965 and should have completed his four-year course in June 1969. By June 1968 he was a semester behind. His estimated graduation date was deferred from June 1969 to January 1970, and, later, to June 1970. On this record the board was justified in concluding that appellant was not satisfactorily pursuing a full-time course of instruction, and in reclassifying appellant I–A. United States v. Olson, *supra.*

The board requested additional information, but appellant did not respond. He therefore failed to discharge his burden to establish that he continued to satisfy the requirements for a II–S classification. 32 C.F.R. §§ 1622.1(c), 1622.25 (d). *See* Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Bradley v. United States, 218 F.2d 657, 661 (9th Cir. 1954).

### IV

Appellant filed a conscientious objector claim after the local board had mailed his order to report for induction.

The board applied 32 C.F.R. § 1625.2, which provides that after an induction order has been mailed to a registrant, his classification "shall not be reopened * * unless the local board * * * specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." The board could not find such a change in appellant's circumstances and therefore declined to consider the merits of appellant's claim.

Appellant challenges this result on two grounds.

■ First, he notes that, upon receiving appellant's request for a conscientious objector form, the local board postponed his induction "until further notice." He contends that such an indefinite postponement automatically cancels the induction order.[7] Consequently, he argues, his conscientious objector claim should have been treated as filed before his induction order was mailed, and should have been considered on its merits without a showing of change in circum-stances beyond his control. He relies upon United States v. Lonidier, 427 F.2d 30, 31 (9th Cir. 1970), and Hamilton v. Commanding Officer, 328 F.2d 799, 802 (9th Cir. 1964).[8]

The simple answer to appellant's first argument is that the postponement involved here was not ordered by the local board pursuant to its authority to postpone induction for up to 120 days under section 1632.2(a). The order of postponement recites that it was issued by authority of the state director who, under the same regulation, "may, for good cause, at any time after the issuance of an Order to Report for Induction, * * postpone the induction of a registrant *until such time as he may deem advisable * * * "* (emphasis added).

Appellant's second argument is that in postponing his induction beyond 60 days the local board must have found there was an "emergency beyond the registrant's control," 32 C.F.R. § 1632.2, and this finding is inconsistent with the board's refusal to reopen because there had *not* been a change in appellant's status "resulting from circumstances over which the registrant had no control" within the meaning of 32 C.F.R. § 1625.2.

■ Among other deficiencies, appellant's second argument is faulty for the same reason as his first—the postponement was not ordered under the local board's limited authority, but rather under the broad power of the state director to postpone "for good cause." And appellant can hardly argue that the need for time to determine whether his classification could be reopened to consider his conscientious objector claim was not "good cause."

---

7. We do not understand appellant to argue that the induction order of February 7 was automatically cancelled because the reporting date was postponed for more than 120 days. Such a contention would be untenable since all the *postponements* were requested by appellant. *See* United States v. Foster, 439 F.2d 29, 31 (9th Cir. 1971); United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971); *cf.* United States v. White, 447 F.2d 1124 (9th Cir. 1971).

8. Appellant recognizes that United States v. Martinez, 427 F.2d 1358, 1360 (9th Cir. 1970); United States v. Evans, 425 F.2d 302, 304 (9th Cir. 1970); and Parrott v. United States, 370 F.2d 388 (9th Cir. 1966), hold that an indefinite postponement of induction is not the equivalent of cancellation of an outstanding induction order if the actual delay does not exceed the 120 days allowed by 32 C.F.R. § 1632.2. He argues, however, that these cases should be overruled.

## V

On May 15, 1969, appellant wrote a letter which the board treated as a claim for III–A (dependency) deferment. Since this claim was submitted after appellant's induction order had been mailed, it was subject to 32 C.F.R. § 1625.2. The board concluded that it could not find that appellant's III–A claim rested upon a change in appellant's status due to circumstances beyond his control. The board therefore declined to reopen appellant's classification.

 Appellant's III–A claim rested in part upon his support of a young woman and their son. Since appellant said he had been supporting them for over two years, he can scarcely claim that their dependency was a change in status that occurred after the induction order was mailed. 32 C.F.R. § 1625.2. *See* United States v. Hulphers, 421 F.2d 1291, 1293 (9th Cir. 1970). *Cf.* Calderon v. United States, 446 F.2d 885 (9th Cir. 1971); United States v. Stacey, 441 F.2d 508, 510 (9th Cir. 1971), and cases there cited.

Appellant also disclosed that the young woman was pregnant. For the purposes of a III–A deferment, the term "child" includes "a legitimate or an illegitimate child from the date of its conception." 32 C.F.R. § 1622.30(c) (1). It is not clear from the record that appellant's child was conceived after the mailing of his induction order; but even if it were, a "premarital (post-induction order) conception is the result of consensual conduct and thus, not a 'circumstance over which the registrant had no control' within the meaning of § 1625.2." United States v. Dell'Anno, 436 F.2d 1198, 1200 (9th Cir. 1971).

 Appellant concedes that *Dell'-Anno* controls if that case is correctly decided, but argues that the *Dell'Anno* court's refusal to apply Talcott v. Reed, 217 F.2d 360 (9th Cir. 1954), denies appellant equal protection. It is enough to say that *Dell'Anno* is binding upon all other panels of the court. *See* Etcheverry v. United States, 320 F.2d 873, 874 (9th Cir. 1963).

## VI

The record refutes appellant's contention that the board failed to state the reasons for its rulings, as required by United States v. Haughton, 413 F.2d 736 (9th Cir. 1969).

Affirmed.