**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alan Robert SCIALABBA, Defendant-
Appellant.**

**No. 72–1570.**

United States Court of Appeals,
Ninth Circuit.

Aug. 25, 1972.

Walter Marquette (argued), San Francisco, Cal., for defendant-appellant.

Frederic F. Tilton, Asst. U. S. Atty. (argued), Chester Moore, III, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before JERTBERG, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

Alan Scialabba appeals his conviction in district court for refusing to submit to induction in violation of 50 U.S.C. App. § 462(a).

Although Scialabba's original induction date was August 27, 1969, the local board postponed that date to July 15, 1970, from whence this case arises. Scialabba contends that because this postponement of more than 330 days exceeded the 120 day maximum permitted under 32 C.F.R. § 1632.2(a),[1] his induction order was invalidated. We do not agree.

Following receipt of his induction order on August 14, 1969, Scialabba asked his local board for postponement of his induction and a hardship deferment, explaining that his student wife had one year remaining in school, that she was unemployed, and that he was working to support her. We think it clear, therefore, that the postponement of appellant's induction for nearly one year after this request, was responsive to it and benefited him as it provided his wife with the amount of time needed to finish school. During this period, the appellant made at least three requests for postponement of his induction.

We therefore think the present case falls within our previous holdings that where the delays in the effectuation of an induction order result from the actions of the registrant himself and accrue to his benefit, an otherwise proper induction order is not invalidated even though induction may be postponed more than 120 days.[2] United States v. Brun-

---

1. 32 C.F.R. § 1632.2(a) provides in pertinent part:

   "In case of death of a member of the registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or other extreme emergency beyond the registrant's control, the local board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postpone-

   ment, subject, however, in cases of imperative necessity, to one further postponement for a period not to exceed 60 days; . . ."

2. The appellant points out that the local board delayed some six months, after an initial postponement of induction, in providing him with a courtesy interview. Although appellant did not specifically request this delay, we think the delay is nonetheless attributable to his previous request for postponement since the local board was informed that appellant's wife

ner, 457 F.2d 1301 (9th Cir. 1972); United States v. Malatesta, 447 F.2d 1365 (9th Cir. 1971), cert. denied 405 U.S. 998, 92 S.Ct. 1261, 31 L.Ed.2d 466 (1972); United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971); United States v. Foster, 439 F.2d 29 (9th Cir. 1971).

Appellant's other contention is that the local board erred in refusing to re-open his classification on the basis of the hardship claim he submitted after he was ordered to report for induction. The claim was based upon the financial hardship to appellant's wife which allegedly would result if he were inducted prior to her graduation from school. Although he was married some eighteen days before receiving the order to report for induction, the appellant first submitted his claim for a III–A hardship deferment six days after receiving the induction order.

To be entitled to a reopening of his classification after the issuance of an induction order, Scialabba was obligated not only to present facts which, if true, would support a different classification, but also to have made a prima facie allegation, following 32 C.F.R. § 1625.2,[3] that there had been a change in his status resulting from circumstances over which he had no control. United States v. Stacey, 441 F.2d 508, 510 (9th Cir. 1971); Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970), aff'd, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

Since appellant's married status from which the post-induction order hardship claim arose, preceded the date of the induction order, he failed to show the requisite change in status after the date of the mailing of his induction order, even assuming, arguendo, that this change was one "over which he had no control."

The judgment of the district court is affirmed.

needed one year to finish school. And, as we have already noted, the delay accrued to the appellant's benefit.

3. 32 C.F.R. § 1625.2 provides in relevant part:

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, . . . if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; . . . provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."