**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Luis JUAREZ, Jr., Defendant-Appellant.**

**No. 72-2267.**

United States Court of Appeals,
Ninth Circuit.

Nov. 24, 1972.

**771**

Before HAMLIN and DUNIWAY, Circuit Judges, and JAMESON,\* District Judge.

PER CURIAM:

George Luis Juarez appeals his conviction by the court sitting without a jury of two counts of failing to report for and submit to induction into the Armed Forces of the United States, in violation of 50 U.S.C. App. § 462.[1]

Juarez held a I–A–O classification from November, 1968 until October, 1969, when he was reclassified II–S after enrolling as a full time student in a two-year program at Solano Junior College, Vallejo, California. On March 9, 1970, while he was still attending school, Juarez was reclassified I–A–O for failure to "satisfactorily pursue a full-time course of instruction" pursuant to 32 C. F.R. 1622.25.[2]

Juarez did not request a personal appearance nor did he appeal his reclassification.[3] He appeals his conviction on the ground that the board could not reclassify him until the end of the

Gerald W. Nash (argued), of Carrion & Nash, Sacramento, Cal., for defendant-appellant.

William B. Shubb, Asst. U. S. Atty. (argued), Brewster Q. Morgan, Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

\* Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. He was first ordered to report for induction on May 5, 1970, failed to report, and was reordered to report on August 19, 1970, when he again failed to do so.

2. This regulation provides:

"(a) In Class II–S shall be placed any registrant who has requested such deferment and who is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning, such deferment to continue until such registrant completes the requirement for his baccalaureate degree, fails to pursue satisfactorily a full-time course of instruction, or attains the twenty-fourth anniversary of the date of his birth, whichever occurs first.

"(b) In determining eligibility for deferment in Class II–S, a student's 'academic year' shall include the 12-month period following the beginning of his course of study.

"(c) A student shall be deemed to be 'satisfactorily pursuing a full-time

course of instruction' when, during his academic year, he has earned, as a minimum, credits toward his degree which, when added to any credits earned during prior academic years, represent a proportion which the number of academic years completed bears to the normal number of years established by the school to obtain such degree. For example, a student pursuing a four-year course should have earned 25% of the credits required for his baccalaureate degree at the end of his first academic year, 50% at the end of his second academic year, and 75% at the end of his third academic year.

"(d) It shall be the registrant's duty to provide the local board each year with evidence that he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning."

3. Advice of Right to Personal Appearance and Appeal (SSS Form 217) was mailed March 9, 1970, with the Notice of Reclassification. Juarez had taken an appeal from a prior classification in 1968.

academic year, September, 1970, and argues that this is a legal question that does not require exhaustion of administrative remedies. We disagree and affirm.

In the fall of 1969, Juarez enrolled for 13.5 units of study,[4] but completed only 10.5 units. (Selective Service File (SSF) at 38–39) In the second semester he enrolled for 15 units (SSF at 39). On March 9, 1970, with this information supplied by the college, the board reopened Juarez's classification and reclassified him I–A–O.[5] (SSF at 11, 40)

■ A II–S deferment is not discretionary. A registrant who qualifies for a student deferment may lose his deferred status only upon his failure to comply with one of the conditions specified in 32 C.F.R. 1622.25, *supra*.[6]

■ "Whether a student is 'satisfactorily pursuing a full-time course of instruction' is a question of fact." United States v. Olson, 447 F.2d 1362, 1364 (9 Cir. 1971). While the board "necessarily relies heavily upon information furnished by the school", it is not limited to information provided by the school and must make the ultimate determination whether the registrant meets the requirements of the Act and regulations. United States v. Jenson, 450 F.2d 1258, 1262 (9 Cir. 1971). On the other hand, "(s)o long as a college certifies that a registrant is expected to graduate on time, and it appears reasonably probable that he can do so, he should be entitled to retain his II–S classification." Coleman v. Tolson, 435 F.2d 1062, 1064 (4 Cir. 1970).

■■ There is no requirement that a reclassification may be made only at the close of an academic year. In a proper case it may be made during the academic year.[7] There must of course be a "basis in fact" for the board's finding that a registrant is not "satisfactorily pursuing a full-time course of instruction."

■ It is unnecessary to determine whether the board had a "basis in fact" for its reclassification of Juarez, since we conclude that the conviction must be affirmed for failure to exhaust administrative remedies under McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971). As in McGee, Juarez's failure to exhaust his administrative remedies either by requesting a personal appearance or seeking an appeal served to "jeopardize the interest in full administrative fact gathering and utilization of agency expertise * * *." 402 U.S. at 486, 91 S.Ct. at 1569.

Through a personal appearance or appeal Juarez would have had an opportunity to demonstrate that he was in fact "satisfactorily pursuing a full-time course of instruction" and entitled to a continuing II–S deferment.[8] United

---

4. On September 30, 1969 the board received a certificate from Solano College reciting, *inter alia*, that Juarez was "satisfactorily pursuing a full-time course of instruction," which commenced September 10, 1969, and was expected to receive a degree in June, 1971 (SSF 38).

5. This information was furnished by Solano College in a letter received February 27, 1970. (SSF 39) The only other notations of communications from the college (aside from the initial certificate) were: a letter received April 7, 1970 stating that Juarez was carrying 9 units as of April 3 (SSF 41); and a certificate received July 1, 1970 reciting that Juarez had completed 10.5 units in the fall of 1969 and 3 units in the spring of 1970 for a total of 13.5 units. (SSF 45) That portion of the certificate reciting that the student was satisfactorily pursuing a full-time course of study was not completed.

6. Breen v. Selective Service Board, 396 U.S. 460, 464–466, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970); United States v. Feldman, 437 F.2d 888, 889 (9 Cir. 1971).

7. In a number of cases midyear reclassification of II–S deferments have been recognized as proper where it appears impossible for the registrant to graduate on time. *See* United States v. Olson, *supra*; United States v. Jenson, *supra*; Coleman v. Tolson, *supra*.

8. ·Appellant argues that as of March 9, 1970, the date Juarez was reclassified, he was deficient only 4.5 units and a sum-

States v. Brooks, 415 F.2d 502, 506 (6 Cir. 1969). His failure to do so precludes judicial review. McGee v. United States, *supra*; Lockhart v. United States, 420 F.2d 1143 (9 Cir. 1969) (en banc).

Affirmed.

mer session was available to make up this deficiency. There is nothing in the Selective Service File to indicate that Juarez intended to attend a summer session or that one was available at Solano College. At the trial it was stipulated that a summer session was available. (Rep.Trans. at 43–44)