**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Terry WILSON, Defendant-Appellant.**

**No. 72–2250.**

United States Court of Appeals,
Ninth Circuit.

Jan. 22, 1973.

Paul Mike Goorjian (argued), San Francisco, Cal., for defendant-appellant.

Chester G. Moore, III, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., for plaintiff-appellee.

Before TRASK and CHOY, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

CHOY, Circuit Judge:

Terry Wilson was convicted after a jury trial of refusing to report for induction into the armed forces in violation of 50 U.S.C. App. § 462(a). He was sentenced to imprisonment for a period of two years. We affirm.

## FACTS

Wilson registered for the draft on September 25, 1968. Shortly thereafter he completed the first of a series of questionnaires in which he stated that he had been a mental patient at the Sacramento Medical Center in 1968. Wilson's local board acknowledged that he claimed a defect that would disqualify him from service and on May 28, 1969 sent Wilson a letter requesting verification of the defect. Wilson did not comply. He was classified I–A on August 13, 1969 but sought neither a personal appearance before his local board nor review by the appeals board.

Wilson was given his pre-induction physical examination at the Armed Forces Entrance Examining Station (AFEES) in January, 1970. On his report of medical history he reported that he had twice been hospitalized for overdoses of pills and was accordingly scheduled for a neuropsychiatric examination on April 24, 1970. Wilson related to a psychiatrist that in January of 1967 he was admitted to an Air Force hospital after ingesting approximately four hundred aspirins. He stated that he was hospitalized again after another suicide attempt in March, 1968, in Sacramento. Wilson did not provide documentation of these events. The psychiatrist noted the history of neuropsychiatric disorder associated with attempted suicide, but found no basis for disqualification.

On October 30, 1970, Wilson was ordered to report for induction on November 12, 1970. He wrote to his local board that he had been attempting to obtain a 1–Y for two years and that he had been unable to substantiate his medical claims because he was a minor and unable to obtain his hospital records. Wilson's local board refused to reopen his classification because there had been no change in status resulting from circumstances over which he had no control. Wilson refused to submit to induction on November 12, 1970.

Following a grand jury indictment, counsel was appointed for Wilson and a mental examination was ordered pursuant to 18 U.S.C. § 4244 to determine whether he was able to understand the proceedings against him or properly assist in his own defense. He was found competent but the psychiatrist concluded that Wilson had a marginal schizoid adjustment and that either induction or incarceration could precipitate another suicide attempt. The government then obtained a second examination at AFEES for Wilson. The AFEES psychiatrist concluded there was no reason to change the 1970 opinion of qualification.

The sole issue at trial was whether Wilson was sane at the time he refused to submit to induction. The trial judge gave the insanity instruction and also instructed the jury that they were to assume that the classification by the local board was proper and lawful. There was no objection to the instructions. The jury returned a verdict of guilty. Wilson does not appeal on the issue of sanity but raises a new defense not raised below. He contends that the AFEES psychiatrist applied an erroneous standard of medical qualification, thereby depriving him of an opportunity for medical disqualification and that the jury should have been so instructed.

---

* The Honorable Talbot Smith, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

## DISCUSSION

■■ Wilson's contentions boil down to a frontal attack on the classification given to him by his local board. AFEES may determine medical acceptability, but classification is a function of the local board which must take an overall view of the physical, mental and moral fitness of a particular registrant. United States v. Miller, 455 F.2d 358, 360 (9th Cir. 1972). If AFEES applies an erroneous standard of medical qualification, the end result may be that there is no basis in fact for a registrant's classification. But we do not reach the basis-in-fact issue because the teaching of McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971), compels us to hold that Wilson's failure to exhaust his administrative remedies bars the defense of erroneous classification. *Accord*: United States v. Juarez, 469 F.2d 770 (9th Cir. 1972).

■ The registrant bears the primary responsibility for keeping the local board informed of his status. In turn, the local board must assist registrants who are unable to advance their claims. United States v. Timmins, 464 F.2d 385 (9th Cir. 1972). Wilson failed to appeal his I–A classification or to notify his local board of his difficulty in documenting his history of mental problems. Only after he was sent his induction order did he apprise his board of his inability to verify his two hospitalizations for attempted suicide. At that point he was too late to obtain a reopening of his classification because there had been no change in his status resulting from circumstances over which he had no control. United States v. Scialabba, 465 F.2d 1395 (9th Cir. 1972).

■■ The issue of Wilson's medical acceptability for service is one peculiarly suited for resolution within the administrative system provided by Congress. Federal courts are not to act as super draft boards, nor are they to search the records to determine whether classifications are supported by substantial evidence. United States v. Willson, 452 F.2d 529, 532 (9th Cir. 1971). Maintenance of the integrity of the Selective Service System requires preserving full administrative fact gathering and the utilization of agency expertise with a limited judicial review to determine if there is a "basis in fact" for a classification after administrative procedures have been exhausted. *McGee, supra,* 402 U.S. at 486, 91 S.Ct. 1565. Wilson cannot circumvent the fact-gathering processes and successfully claim for the first time on appeal that there was no basis in fact for his classification in the absence of exceptional circumstances. McKart v. United States, 395 U.S. 185, 197, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Lockhart v. United States, 420 F.2d 1143, 1147 (9th Cir. 1969). There are no exceptional circumstances in this case which prompt us to relax the exhaustion requirements of *McGee*. The record reveals that Wilson was twice examined by AFEES psychiatrists and both times found qualified. There is no indication that an erroneous standard of medical qualification was applied as in United States v. Beckett, 457 F.2d 785, 787 (9th Cir. 1972). On the contrary, the uncontradicted facts in the record indicate that the proper standard was applied.

■ Though we must affirm Wilson's conviction, we are concerned by the sentence imposed. Wilson's medical history, detailed above, coupled with the reports of two psychiatrists [1] that incarceration could precipitate another suicide attempt, convince us that incarceration is not advisable. We are aware that a sentence imposed by a district judge, if within statutory limits, is generally not subject to appellate review. United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). In view of this rule, we suggest, but do not instruct, that the district court reconsider Wilson's sentence.

Affirmed but remanded with suggestion.

---

1. The second psychiatrist was Dr. Ernest A. Dernburg, who examined Wilson after his conviction at the request of Wilson's attorney. *See* Record on Appeal at 73.