**Thomas J. BYRNE, Jr., Appellant,**

v.

**Stanley R. RESOR, Individually and Acting as Secretary of the Army, Lt. Gen. Jonathan O. Seaman, Commanding General First United States Army and Maj. Gen. Kenneth W. Collins, Commanding General.**

No. 17874.

United States Court of Appeals
Third Circuit.

Argued May 22, 1969.

Decided June 20, 1969.

Joseph M. Gindhart, Krusen, Evans & Byrne, Philadelphia, Pa., for appellant.

Morton Hollander, Chief Appellate Section, Civil Division, Dept. of Justice, Washington, D. C., for appellees.

Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an action to compel defendants to rescind the military orders which called plaintiff up from the Army Reserve to active duty. The District Court, after considering the evidence which was taken by depositions, and hearing argument, dismissed the complaint.

Plaintiff enlisted in the United States Army Reserve on March 3, 1963 for a six year period. He served the required six months' active duty and attended summer camps from 1964 to 1968 inclusive. He also regularly attended the drills of his local reserve unit. His uneventful membership in the reserve unit was interrupted by an unexcused absence from drill on September 29, 1968, a little more than five months before the end of his term of enlistment. On that day plaintiff appeared for the scheduled drill but was marked absent by his commanding officer because he had no belt. This decision was based on Army Regulation, 135–91(5) (d) (2), which provides:

"A member present at a scheduled unit training assembly will not receive credit for attendance thereat unless he is in the prescribed uniform, presents a neat and soldierly appearance and performs his assigned duties in a satisfactory manner as determined by the unit commander. When a member attends a unit training assembly and does not receive credit therefor, he will be charged with an unexcused absence. * * *"

This unexcused absence was crucial to the plaintiff because it was the fifth such absence within a year, and as a result under Army Regulation 135–91(12) (a) he was subject to be ordered to active duty for a period of twenty-four months, less any period of prior active duty. Plaintiff claims that the September 28th determination of unexcused absence for failure to wear the prescribed belt was arbitrary, capricious and unreasonable, especially when such belts were available to all members of the unit in the nearby supply room and in view of the serious consequences which were to flow from this, his fifth unexcused absence.

While to a civilian the absence of a belt may seem a trifling matter and the consequences here may seem unduly harsh, it is not our function to review the discretionary judgment of a military officer made within the scope of his authority. See Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Smith v. Resor, 406 F.2d 141 (2 Cir. 1969); United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (2 Cir. 1968).

Similarly, we will not interfere with the decision of the Army physician that plaintiff is fit for active duty simply because a private physician made a report which indicated that he disagreed.

Our action on review will not, of course, bar plaintiff from any administrative review which may be available to him.

The order of the District Court will be affirmed.