Thomas P. KRILL et al., Plaintiffs,

v.

Colonel John BAUER et al., Defendants.

No. 70–C–11.

United States District Court,
E. D. Wisconsin.

July 15, 1970.

Greenberg, Karp & Dannenberg, by Sander N. Karp, Milwaukee, Wis., for plaintiffs.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs are each members of separate United States army reserve units in Milwaukee and have brought this action against their respective commanding officers. They seek to enjoin the further enforcement of certain regulations governing the length of hair and beards of men in their reserve units. Plaintiffs argue that such enforcement will subject them to additional unexcused absences, and that an accumulation of five of such absences during a twelve-

month period would make them liable for involuntary active duty under 10 U.S.C. 673a. The plaintiffs also seek a declaration that the regulations, as applied to the class of which they are members, are unconstitutional.

On January 16, 1970, after a hearing, this court denied the plaintiffs' motion for a temporary restraining order. In an amendment to their complaint filed since that date, the plaintiffs aver that they have cut their hair to conform to the applicable regulations but intend to grow it again to lengths allegedly not permitted.

Both parties have moved for summary judgment and the defendants, in the alternative, have moved to dismiss. It is this last motion that will be considered first.

■ In support of their motion to dismiss, the defendants maintain that this court is without subject-matter jurisdiction, arguing that federal courts should not review or interfere with the internal operations of the armed forces. Generally speaking, it is true that the courts must be careful not to impinge upon those matters legitimately within the discretion of the military. Orloff v. Willoughby, 345 U.S. 83, 95, 73 S.Ct. 534, 97 L.Ed. 842 (1953). However, it is equally true that they are not precluded from determining whether the military has acted within the bounds of whatever discretion has been granted it. Thus, as stated in Fox v. Brown, 402 F.2d 837, 840 (2d Cir. 1968):

"This court has specifically ruled that an activation order under 10 U.S.C. § 673a for unsatisfactory performance in the reserves may only be reviewed to the extent of determining whether the military had acted within its jurisdiction under valid law; Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.), aff'd 390 F.2d 879 (2d Cir. 1968)."

In Smith v. Resor, 406 F.2d 141, 145 (2d Cir. 1969), the court said:

"Our reluctance, however, to review discretionary military orders does not imply that any action by the Army, even one violative of its own regulations, is beyond the reach of the courts. See Hammond v. Lenfest, 398 F.2d 705, 710 (2d Cir. 1968)."

In Smith, the court negated a commanding officer's acts which had effectively foreclosed a reservist's means of redress as provided in 10 U.S.C. § 938. See also United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (2d Cir. 1968), cert. den., 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969); Schatten v. United States, 419 F.2d 187 (6th Cir. 1969).

■ Therefore, I believe that this court has jurisdiction to determine whether the plaintiffs' commanding officers have acted within that sphere of discretion granted them under 10 U.S.C. § 673a and under the various orders and regulations promulgated thereunder. For this reason, the defendants' motion to dismiss should be denied.

■■ Both parties have also moved for summary judgment. The fact that both parties have moved for summary judgment does not necessarily mean that an issue of material fact may not exist. 6 Moore's Federal Practice ¶ 56.13 (1966). However, in the present case, it is clear that the facts necessary for a decision upon the parties' motions are undisputed, and that the issues may properly be resolved upon the competing motions for summary judgment.

■ The issues in Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969), are strikingly similar to those of the present case. In *Raderman*, an army reservist brought an action against his commanding officer in anticipation of an order to report for active duty; the order, it was alleged, would result from an excessive number of unexcused absences charged against the reservist because he failed to cut his hair to conform to applicable regulations. The court of appeals upheld the district court's grant of the defendant's motion for summary judgment, stating, at p. 1104:

"If [the plaintiff] asks: Does being in the Army curtail or suspend certain

Constitutional rights?, the answer is unqualifiedly 'yes'. Of necessity, he is forced to surrender many important rights. He arises unwillingly at an unreasonable hour at the sound of a bugle unreasonably loud. From that moment on, his freedom of choice and will ceases to exist. He acts at the command of some person—not a representative of his own choice—who gives commands to him which he does not like to obey. He is assigned to a squad and forced to associate with companions not of his selection and frequently the chores which he may be ordered to perform are of a most menial nature. Yet the armed services, their officers and their manner of discipline do serve an essential function in safeguarding the country. The need for discipline, with the attendant impairment of certain rights, is an important factor in fully discharging that duty."

The plaintiffs point to Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), in which the court of appeals for the seventh circuit held unconstitutional a high school dress code prescribing students' hair length. *Breen* does not control the case at bar because a high school student stands on a different constitutional footing from an army reservist. The distinction between a civilian and a reservist was discussed in *Raderman*, where the court said, 411 F.2d at p. 1106:

"The problem with a reservist * * * is that he is neither a civilian nor a full-time soldier. In effect he must live in two worlds, one military and one civilian and attempt to satisfy the requirements of both. As in this case, the demands of each may conflict and, while the result may appear harsh, he made the choice some time ago to join a reserve unit. Concomitant with that decision was the knowledge that he would be subject to Army rules and regulations concerning his appearance for six years. Certainly what constitutes a neat and soldierly appearance for a reservist within such regulations is within the discretion of the military.

There is no claim here that plaintiff was treated any differently than any other reservist; in fact, he was advised by a Major General of the Army that 'Exceptions will not be made to this policy.' "

See also Smith v. Resor, supra, and Byrne v. Resor, 412 F.2d 774 (3rd Cir. 1969). In the latter case, the giving of an unexcused absence for a reservist's failure to wear a prescribed belt was held to be within the proper discretion of the commanding officer.

Therefore, it is ordered that the defendants' motion to dismiss be and hereby is denied.

It is further ordered that the defendants' motion for summary judgment be and hereby is granted and that the plaintiffs' motion for summary judgment be and hereby is denied.