**John C. O'MARA, Private, United States Army Reserve**

v.

**Captain William ZEBROWSKI, U.S.A.R.**

v.

**Honorable Stanley RESOR, Secretary of the Army.**

**Civ. A. No. 70-1538.**

United States District Court, E. D. Pennsylvania.

Aug. 11, 1970.

Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966).

James J. Orlow, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

KRAFT, District Judge.

Petitioner, an army reservist, seeks judicial review of military orders dated March 5, 1970, directing him to report for active duty in the United States Army at Fort Dix, New Jersey. Relief has been sought, without success, through the appropriate appeal channels provided for by the Army. The record shows that the military authorities followed the procedures established to place petitioner on active duty as set forth in Army Regulation 135–91.

In denying petitioner relief the Appeal Board found that petitioner failed to attend six reserve meetings [1] and that his allegation that he had been told not to attend was unsubstantiated.

Specifically, the Appeal Board found as follows:

"3. Recommended disapproval. Private O'Mara's assumption that efforts to evaluate his physical condition carried with them an excuse of several months duration from all training assemblies cannot legitimize his absences. He does not suggest that anyone misrepresented that he would, in fact, be excused. He refused to claim all official mail properly delivered to his home of address which would have relieved him of his misconception. His overall record of attendance as indicated by documents in the 201 file is very poor. It should be noted that if Private O'Mara reports for active duty as ordered on 10 June 1970 he will receive a complete medical examination and can be discharged from his first duty station if he is found unfit for retention."

Despite the military's apparent intransigence in this matter, " * * * it is not our function to review the discretionary judgment of a military officer made within the scope of his authority." Byrne v. Resor, 412 F.2d 774, 775 (3 Cir. 1969).

Accordingly, we enter the following

## ORDER

NOW, this 11th day of August, 1970, after hearing held and after careful consideration of the record, it is ordered that:

(1) the petitioner's complaint fails to state a claim upon which relief can be granted and it is hereby dismissed;

(2) the Temporary Restraining Order heretofore entered by this Court is now vacated.

---

1. Under Army Regulation 135–91(12) (2) when a member accrues five or more unexcused absences from scheduled meetings, he will be ordered to active duty for a period not to exceed 24 months.