UNITED STATES of America,
Appellee,

v.

Robert Allen SHUNK, Appellant.

No. 26241.

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1971.

Michael E. Grodsky, Los Angeles, Cal., for appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Michael J. Lightfoot, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Robert Allen Shunk appeals from his conviction under 50 U.S.C. App. § 462, for refusing to submit to induction into the armed services.

Defendant argues that the trial court erred in upholding the Government's objections to questions asked of defendant's medical expert concerning defendant's asserted drug addiction at the time he was ordered to report for induction.

Defendant presented his fitness contentions to the doctors who conducted his initial selective service examination and those who gave him the required physical inspection at the time he was ordered to report for induction. On both occasions he was found physically acceptable.

There being no indication of arbitrary action or deficiency in prescribed procedure in connection with the described examination and subsequent inspection, the record provides a basis in fact for the determination that defendant was physically fit to be inducted. *See* Vasilj v. United States, 425 F.2d 1134 (9th Cir. 1970).

Absent some highly unusual circumstance, not present here, this left no room for further inquiry at the trial

concerning defendant's physical fitness to be inducted. Where an inductee believes he is not physically fit for induction his remedy is not to take the law into his own hands and refuse to step forward, but to seek further in-service medical attention after induction. The trial court did not err in rejecting the offered testimony.

Defendant argues that it was error for the trial court to refuse defendant's request for an opportunity to resubmit for induction and thus undergo further medical examinations. However, the crime was complete on April 2, 1968, when defendant refused to step forward. What defendant was willing to do after such refusal is irrelevant. *See* Palmer v. United States, 401 F.2d 226, 228 (9th Cir. 1968).

Finally, defendant asserts that the sentence imposed by the trial court constitutes cruel and unusual punishment. Since the sentence was within the statutory limits, there is no merit in this contention. Ramirez v. United States, 294 F.2d 277, 284 (9th Cir. 1961).

Affirmed.