UNITED STATES of America ex rel. Warren Lee TAYLOR, Appellant,

v.

Major Edward W. FRITZ, Commanding Officer of the Fort Des Moines Examining and Entrance Station, Appellee.

No. 71–1067.

United States Court of Appeals, Eighth Circuit.

Aug. 9, 1971.

Robert C. Oberbillig, Legal Aid Society of Polk County, Des Moines, Iowa, for appellant.

Richard J. Barry, Asst. U. S. Atty., Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Circuit Judge, and EISELE, District Judge.*

PER CURIAM.

This is an appeal from an order of the United States District Court for the Southern District of Iowa denying appellant's petition for habeas corpus relief.

An evidentiary hearing was held before the District Court at which time the appellant argued that his induction

---

* United States District Judge, Eastern District of Arkansas, sitting by designation.

into the Armed Forces was unlawful because he suffered from a disqualifying medical condition, specifically that he was afflicted with a hearing loss of thirty decibels in both ears. Appellant was found physically acceptable at the preinduction physical and he was classified 1–A. He did not choose to appeal his Selective Service classification. Rather, he appealed the ruling of the Armed Forces Examining and Entrance Station to the Surgeon General, who affirmed that ruling. Appellant submitted to induction and within four days filed the petition for a writ of habeas corpus.

The District Court, as reported in 323 F.Supp. 673 (1971), found that there was a basis-in-fact for the Selective Service classification and that appellant suffered no denial of procedural due process. The Court went on to state at 678:

> "One might, of course, at this point inquire why Taylor (Appellant) failed to appeal his 1–A classification within thirty days when notified of such right on June 24, 1970. His failure to do so is tantamount to a failure to exhaust administrative remedies, and sufficient to preclude the collateral review which he is now receiving."

On appeal, appellant contends that it was not necessary to appeal his Selective Service classification. He alleges that the proper procedure for challenging the medical acceptability of an inductee is to appeal the determination of medical acceptability by AFEES to the Surgeon General, submit to induction from the adverse decision from the Surgeon General, and then bring an action in habeas corpus for judicial review of the medical evidence. This is the procedure followed by appellant. We do not agree.

By bringing this proceeding for habeas corpus, appellant challenges the legality of his detention and custody. To prevail, he must show that his induction was unlawful. In this case, appellant must necessarily attack his Selective Service classification as the alleged wrongful basis for his induction. Appellant cannot, in his present posture, circumvent the scope of judicial review established for Selective Service classification cases by attempting to attack directly the determination of AFEES. The real issue must necessarily be whether there is a basis-in-fact for his classification.

To obtain judicial review of a Selective Service classification, a registrant must first exhaust his administrative remedies. See McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (May 17, 1971). Appellant admittedly failed to exhaust his administrative remedies and urges no justification for his failure to do so. This Court agrees with Judge Stephenson's statement that the petition could have been dismissed for failure to exhaust administrative remedies. Nevertheless, the District Court, though not required to do so, determined, after conducting an evidentiary hearing, that there was a basis-in-fact for appellant's 1–A classification and that appellant suffered no denial of procedural due process. These determinations are amply supported by the record and this Court agrees.

Affirmed.