**UNITED STATES of America,
Plaintiff,
v.
Frank Elling ROBINSON, Defendant.
No. 3–71–Crim.–184.**

United States District Court,
D. Minnesota,
Third Division.

Feb. 9, 1972.

Robert G. Renner, U. S. Atty., and
Elizabeth Egan, Asst. U. S. Atty., Min-
neapolis, Minn., for plaintiff.

Brian L. Solem, St. Paul, Minn., for
defendant.

MEMORANDUM & ORDER

DEVITT, Chief Judge.

At issue in this jury waived criminal
action is whether defendant, by his fail-
ure to exhaust the administrative reme-
dies available to him within the Selec-
tive Service System, is precluded from
now asserting that his reclassification
as 1–A was without basis in fact.

Defendant was indicted on November
24, 1971 for failure to comply with an
order to report for induction. Defend-
ant had been initially classified 1–A on
September 21, 1966. At the time of the
classification a completed Form 150 was
present in defendant's Selective Service
file. Defendant was subsequently re-

classified 2–S in October of 1967, 2–A in October of 1968 and October of 1969, and finally 1–A on February 19, 1970. On October 7, 1970 defendant was ordered to report for induction and, after a postponement authorized by the State Director, the validity of which is not questioned, a new reporting date was issued for November 12, 1970. On that date defendant refused induction.

■■■ It is defendant's position that the order to report for induction was invalid as there was no basis in fact for his reclassification as 1–A. But defendant is precluded from asserting this defense. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971) recognizes that normally a defendant in a criminal prosecution for failure to report for induction is precluded from asserting the defense of lack of basis in fact if he has failed to exhaust his administrative remedies. *See also* United States ex rel. Taylor v. Fritz, 446 F.2d 36 (8th Cir. 1971). The courts, while recognizing that the requirement of administrative exhaustion should not be inflexibly applied, McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), have held that this requirement should only be relaxed in the face of exceptional circumstances. United States v. Davis, 413 F.2d 148 (4th Cir. 1969); Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969). Here there are no exceptional circumstances. Defendant testified that he was aware of his right to appeal and that he knowingly failed to exercise this right.

■■■ While a conviction may not be sustained where from the record the Court is unable to determine the basis upon which the local Selective Service Board acted, Caverly v. United States, 429 F.2d 92 (8th Cir. 1970), in dealing with situations where the registrant has failed to exhaust his administrative remedies the Courts have held that even where a prima facie showing of qualification is made and the local board fails to make clear its reasons for rejecting the claim, this failure does not in itself constitute exceptional circumstances justifying a relaxation of the exhaustion requirement. United States v. Baray, 445 F.2d 949 (9th Cir. 1971).

The record shows that defendant knowingly failed to exhaust his administrative remedies. Because of his failure to do so he is precluded from now asserting that his reclassification lacked basis in fact and that the subsequent induction order was thus invalid.

■■■ The court finds defendant guilty of the offense as charged in the indictment. It is ordered that the case be referred to the probation office for presentence investigation with defendant to be notified later of the date of sentencing. Defendant's present bond is to be continued to that date. The United States Attorney is directed to prepare detailed findings of fact pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure.[1]

1. Defendant also alleges he has been denied due process since the Selective Service quota for Minnesota for the month in question consisted of 291 inductees and, pursuant to this quota, the State Director issued 585 orders to report for induction. It is undisputed that less than the 291 men required by the quota were inducted from the state during the month in question. Defendant has not cited, nor has the court been able to locate any authority in support of defendant's claim. Defendant's claim appears to be without merit. In addition it is the position of defendant that he was misled by the actions of the local board in that the board failed to seek information from the references defendant provided in support of his conscientious objector claim. Defendant argues that since SSS Form 150 contains a section requesting that the registrant furnish references, a failure to contact these references constitutes misleading action on the part of the board. On the basis of the evidence presented at trial the court finds that defendant was not misled by the failure of the board to contact the references he provided.