**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bruce Scott BECKETT, Defendant-Appellant.**

No. 71-2253.

United States Court of Appeals, Ninth Circuit.

March 3, 1972.

William Flenniken, Jr. (argued), Joseph Manzella, Sydney N. Tanner, of Manzella, Flenniken & Tanner, San Francisco, Cal., for defendant-appellant.

John F. Cooney, Jr., Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Beckett appeals from a conviction for refusal to submit to induction in violation of 50 U.S.C. App. § 462. He challenges the validity of his conviction on several grounds. We find it necessary to consider only one of his contentions.

The Government's case was based entirely on Beckett's Selective Service file. After the Government rested, Beckett moved for a judgment of acquittal on the ground that the evidence was insufficient to sustain a finding that he was medically qualified for service. The Selective Service file contained a certificate of medical acceptability. It also contains medical records showing that he had a history of allergic reaction to insect bites or stings, and a notation by the Army's examining physician that Beckett had a "generalized dermal reaction to bee sting—ND." Beckett testified to a conversation with the examining physician in which Beckett's allergy was discussed. He said that the physician told him that an allergic reaction was irrelevant under the draft law unless it was a localized reaction; a generalized reaction was not exempting.

Among the causes for rejection for appointment, enlistment, and induction listed by Army Regulation 40–501, paragraph 2–39.a.(5), are: "(5) Bona fide history of moderate or severe generalized (as opposed to local) allergic reaction to insect bites or stings. Bona fide history of severe generalized reaction to common foods, e. g., milk, eggs, beef, and pork."

Beckett's testimony about the physician's mistaken standard of medical disqualification for allergies was not contradicted or rebutted. If we assume that the notation "ND" meant "not disqualifying," as the Government argued to the district court, that notation is consistent with Beckett's testimony about the nature of the physician's mistake.

The Government contends that the physician may not have accepted Beckett's history as bona fide. The contention rests entirely on conjecture. Indeed, acceptance of the history is arguably implicit in the notation, and it is consistent with the physician's misapprehension of the controlling medical standard. The physician would have had no occasion to probe the bona fides of the history if he were convinced that such history was irrelevant. The Government also argues that Beckett's aller-

* Honorable Wm. M. Byrne, Jr., United States District Court Judge for the Central District of California, sitting by designation.

gy may have been minor rather than "moderate" or "severe." There is no evidence that the examining physician ever inquired about the degree of reaction; he had no reason to do so if he believed that the condition was not disqualifying under the regulations. On cross-examination, Beckett testified to several incidents of severe reactions to insect bites and to the advice that he had had from his treating physician that "if three bees had stung me at once, it would be the equivalent of a rattlesnake bite to a normal person."

We think that the uncontradicted evidence amply proved that the examining physician applied an erroneous standard of medical qualification and that the error deprived Beckett of the opportunity for medical disqualification under 50 U. S.C. App. § 454(a).

The judgment is reversed.