**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary Wayne BLACK, Defendant-Appellant.**

**No. 71-2729.**

United States Court of Appeals, Ninth Circuit.

March 16, 1972.

———◆———

Paul Mike Goorjian (argued), San Francisco, Cal., for defendant-appellant.

John F. Cooney, Jr., Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty. & Chief, Criminal Division, San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN, DUNIWAY and GOODWIN, Circuit Judges.

PER CURIAM:

Appellant herein was convicted after a jury trial of a violation of 50 U.S.C. App. Section 462 (Refusal to Submit to Induction).

Appellant's sole contention is that his physical pre-induction examination disclosed that he had a disqualifying condition.[1] The medical report in appellant's selective service file, which was admitted in evidence, set out appellant's physical condition. The record discloses ample evidence that appellant's condition was diagnosed and that two Army doctors found appellant acceptable for military service. In his instructions, the district judge instructed the jury that "the determination made by the doctor was made on a sufficient basis and therefore the determination of the propriety of the order to report for induction" was not before the jury, and that as a matter of law the appellant was under an obligation to report for induction.

We agree.

In United States v. Shunk, 438 F.2d 1204 (9th Cir.), where the appellant offered testimony at the trial concerning his physical condition, which testimony was rejected, the court stated:

"There being no indication of arbitrary action or deficiency in prescribed procedure in connection with the described examination and subsequent inspection, the record provides a basis in fact for the determination that defendant was physically fit to be inducted. See Vasilj v. United States, 425 F.2d 1134 (9th Cir. 1970).

"Absent some highly unusual circumstance, not present here, this left no room for further inquiry at the trial concerning defendant's physical fitness to be inducted. . . . The trial court did not err in rejecting the offered testimony."

In this case the record shows there was a basis in fact for the finding of acceptability. We see no error in the action of the District Judge.

Judgment affirmed.

---

1. Army medical standards provide for rejection when examination reveals an undiagnosed mass or enlargement of the testicle or epididymis. AR 40–501, section 2–14m(2).