UNITED STATES of America,
Plaintiff,

v.

Joseph Lawrence VERHAGEN,
Defendant.

No. 71–CR–181.

United States District Court,
E. D. Wisconsin.

May 12, 1972.

David J. Cannon, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert E. Henke, Appleton, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, Chief Judge.

Defendant stands accused by grand jury indictment of refusing to submit to induction pursuant to the Selective Service Act of 1967, Title 50 Appendix, § 462, United States Code. He defends on the basis that he is medically unqualified for military service. Mr. Verhagen waived a jury trial, and he was tried before the court on March 24, 1972. The defendant has moved for acquittal. I grant this motion.

Mr. Verhagen was ordered to report for induction on June 10, 1971. He reported, as ordered, on that day and presented a letter from his attorney concerning his medical problem, a bad back, and supporting medical documentation from his doctors. The doctors at the induction station found it necessary to refer Mr. Verhagen to an orthopedic specialist retained by the Army in order to judge his medical claims. On June 11, 1971, the Army's orthopedic specialist examined Mr. Verhagen and found that the "Applicant is qualified for duties in the Armed Forces." Thereupon the defendant was found acceptable for induction by the reviewing officer at the induction station. No explanation for the finding of acceptability was given by the reviewing officer.

It is conceded by the Government that the orthopedic specialist retained by the Army and who concluded that the "Applicant is qualified for duties in the Armed Forces" was unaware at the time he examined Mr. Verhagen of the Army regulations governing medical accepta-

bility for induction. These regulations set out both the physical standards of acceptability and the nature of the evidence which may be considered in substantiating orthopedic conditions. Thus, while the Army's orthopedic specialist restricted his examination to objective signs and symptoms, Army Regulation AR 40–501, § XVIII 2–36(b) provides that back problems of the nature defendant complains of may be demonstrated "either with *or* without objective signs and symptoms" (emphasis added). While the Army's specialist concluded that Mr. Verhagen was "qualified for duties in the Armed Forces" there is no indication in his report to indicate whether the personal standards adopted by him (being unaware of the Army's standards) in arriving at this conclusion were akin to those set forth in Army Regulation AR 40–501, § XVIII 2–36(c) (3) that the draftee be able to lead a "physically active vocation in civilian life."

The Government argues that there exists a basis in fact in the record for the reviewing officer's decision at the induction station finding Mr. Verhagen physically acceptable for induction. While this may be true, it is not enough. The record before the reviewing officer when he made his decision was tainted with the conclusion of the Army's orthopedic specialist, a conclusion which was tainted because it was based on both improper and unknown standards. The Government has failed to demonstrate that when the reviewing officer made his decision finding Mr. Verhagen acceptable that he did so disregarding the Army specialist's conclusion that the "Applicant is qualified for duties in the Armed Forces."

Indeed, in that the doctors at the induction center felt it necessary to refer Mr. Verhagen to an outside orthopedic specialist for his opinion, the inference is that the specialist's tainted conclusion was in fact the basis for the reviewing officer's finding of acceptability. Based on the record before me, I can come to no other conclusion.

The defendant's motion for acquittal must be granted. Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971); United States v. Hulsey, (7th Cir. 1972); United States v. Shunk, 438 F.2d 1204 (9th Cir. 1971).

It is therefore ordered that defendant's motion for acquittal be and it is hereby granted.

It is further ordered that the clerk of court prepare a judgment of acquittal for my signature.