No. 12307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

LT. COLONEL HENRY S. OLSON,

Plaintiff and Appellant,

-vs-

THE NATIONAL GUARD OF THE STATE OF MONTANA, et al.,

Defendants and Respondents.

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Emmons and Baillie, Great Falls, Montana.
Barry T. Olson argued, Great Falls, Montana.

For Respondents:

William Clarke argued, Helena, Montana.
Dirk Larsen argued, Great Falls, Montana.
Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
J. C. Weingartner, Deputy Attorney General, argued,
Helena, Montana.

Submitted: October 18, 1972

Decided: NOV 13 1972

Filed: NOV 13 1972

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court of the eighth judicial district, Cascade County, dismissing a two count complaint for the reason that the state court lacked jurisdiction.

Appellant, Lt. Col. Henry S. Olson, filed suit in the district court seeking to have his discharge from the Montana Air National Guard declared invalid. Lt. Col. Olson had been an officer in the Air National Guard since 1954, and had prior service, giving him 20 years of service. In August 1971, he was notified he would not be retained as an alert flight officer, but would be discharged from the Air National Guard and transferred to the Air Reserve.

To contest his discharge he brought suit in a two count complaint. Count I charged that all proceedings conducted by the Vitalization Board, acting under the provisions of "Interim Change to ANGR 36-05, 18 Dec. 1967" were illegal. During oral argument before this Court counsel for appellant stated that the question presented is moot, so we will therefore not discuss Court I.

Count II alleges appellant was removed from the alert program of the Montana Air National Guard because he contested the validity and action of the Vitalization Board.

The district court dismissed the complaint on the grounds that the court lacked jurisdiction over both the subject matter of the cause and the person; further that the complaint failed to state a cause of action upon which relief could be granted.

In effect, appellant asks this Court and the district court to serve as an appellant body to one of the military operations of the defense of this country. The district court properly ruled that it did not have such jurisdiction.

As to the allegations of Count II, we shall set forth certain facts. The Montana Air National Guard has an integrated program with the United States Air Force wherein certain units have pilots on 24 hour alert duty in defense of the continent. To be able to participate in the alert program one must be a member of the Montana National Guard, be a certified or accredited pilot, and be approved by the United States Air Force for such alert status. The senior officer of the Montana unit is Brig. Gen.Young, whose position is full time, salaried by the United States Government. The local commanding officer is Col. Whalen, a college professor, who devotes his weekends to his command and whose salary for that duty comes from the federal, not state government.

Appellant, as a member of the Air National Guard, served as the unit's alert scheduling officer for the last three years of his duty. In this capacity, his responsibility was to see that selected pilots were on full time alert duty. He scheduled himself for such duty and over the past 13 years his income was a base pay of $6,000, plus alert flying time which averaged some $14,000 per year. The damages, he alleges he suffered, were due to his removal from the alert flight pay opportunities when he was discharged into the Air Reserve.

When members of the Montana Air National Guard (MANG) are flying alert or on alert duty, they are paid by the United States Government (Air Force) and they are completely divorced from MANG and subject to command by the United States Air Force; they receive their orders from the Air Force; and, before they can become alert flying officers they must be certified and activated by the Air Force. The entire process of securing, equipping, paying and maintaining this alert force to protect the continent involves federal laws, rules, regulations and obligations. No state law is involved, consequently state courts have no jurisdiction.

In addition, it is noted that the group commander, Col. Whalen, under the authority of the United States Air Force manual, the "Air Defense Command Manual", is authorized to select the pilots and the final judgment of selecting who is to fly is left completely to his judgment. He picks his pilots based on each man's qualifications--- i.e. training, emotional and physical status. His obligations go even further in that he is charged with the responsibility of complying with the provisions of Title 10, U.S.C.A. § 8352. That section provides that when an officer has acquired sufficient time to obtain his military retirement a vacancy will be available for a younger officer. By so doing, the command can promote and train new leadership. Too,this program enables many junior officers to attain 20 years of National Guard service and qualify for retirement.

A long line of cases has rightly held that federal courts will refuse to review discretionary decisions of military authorities made within their valid jurisdiction. O'Mara v. Zebrowski, 447 F.2d 1085; Orloff v. Willoughby, 195 F.2d 209; Byrne v. Resor, 412 F.2d 774; Smith v. Resor, 406 F.2d 141; Fox v. Brown, 402 F.2d 837; Winters v. United States, 281 F.Supp. 289, aff'd 390 F.2d 879, Cert. denied 291 U.S. 910. We can find no reason why the courts of this jurisdiction should interfere.

The decision of the district court is affirmed.

_John Conway Harrison_
Associate Justice

We Concur:

_Paul T. Harrison_
Chief Justice

_Gene L. Daly_

_Thomas H. Haswell_

_Wesley Castles_
Associate Justices.