John E. BURKE, Petitioner,

v.

UNITED STATES et al., Respondents.

No. 73-C-319.

United States District Court,
E. D. Wisconsin.

Jan. 18, 1974.

Robert E. Henke, Appleton, Wis., for petitioner.

David B. Bukey, U. S. Atty., by D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This petition for a writ of habeas corpus was filed to challenge the petitioner's induction into the armed forces. A temporary restraining order was granted shortly after the case was filed. That order prohibits the respondents from removing the petitioner from the court's jurisdiction pending resolution of this matter. The government has moved to dismiss the petition and vacate the order. Both sides have filed briefs.

The examining physicians at the armed forces entrance and examining station found the petitioner medically qualified for induction and so classified him. The petitioner suggests, however, that statements from four private physicians demonstrate that the plaintiff has allergic rhinitis and bronchial asthma. Consequently, he claims that "there is no basis in fact for any other conclusion than that the petitioner suffers from diseases [said to be grounds for disqualification]." Thus, it is urged, the petitioner's induction was unlawful.

■ I find the petitioner's position unpersuasive. In the first instance, the petitioner has failed even to allege support for his challenge to the examining physicians' findings. Although he refers to reports from four private physicians, those reports have not been presented to the court, nor have the findings presumably stated therein been described. The petition states the *petitioner's* description of his condition and his belief that he is medically unqualified for duty under applicable army regulations. Although the private physician reports are referred to, any support they may provide for the petitioner's position is completely inferential at best.

■■ Assuming that those reports do state what the petitioner suggests, that the private physicians all believe that the petitioner suffers from illnesses which should disqualify him, the petitioner faces another serious problem. He has not demonstrated that he has exhausted his administrative remedies within the selective service system. In such a case, it has been held that an inductee is precluded from attacking his induction order via habeas corpus. United States ex rel. Taylor v. Fritz, 446 F.2d 36 (8th Cir. 1971). The purpose of the rule is to require a registrant to provide his challenging information initially to the body whose action he is attacking.

■■ Even if the petitioner is found not to be barred by the exhaustion rule, his petition must still be denied. What is presented here is a disagreement as to the existence or degree of the petitioner's claimed maladies between the army's doctors and the petitioner and, presumptively, his doctors. Generally, courts are not permitted to inquire into a registrant's physical fitness for duty following a determination of such fitness by Army medical examiners, despite conflicting views and reports by private physicians. United States v. Sowul, 447 F. 2d 1103 (9th Cir. 1971); United States v. Shunk, 438 F.2d 1204 (9th Cir. 1971); United States v. Haifley, 432 F.2d 1064 (10th Cir. 1970); Byrne v. Resor, 412 F.2d 774 (3rd Cir. 1969). This doctrine is based on the long-standing view that courts may not review the discretionary judgment of a military officer made within the scope of his authority. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Reaves v. Ainsworth, 219 U.S. 296, 31 S.Ct. 230, 55 L. Ed. 225 (1911).

The petitioner, however, contends that the court is not required to defer to the examining physicians because the question of entitlement to an exemption on medical grounds, as opposed to existence

of the illness itself, is alleged to be a question of law. Support for his contention is said to be found in United States v. Beckett, 457 F.2d 785 (9th Cir. 1972), and Kempf v. Commanding Officer, Des Moines Examining and Entrance Station, 339 F.Supp. 320 (S.D.Iowa, 1972).

*Beckett* involved a determination by an Army doctor that the registrant had a generalized allergic reaction to bee stings. The doctor went on to find the registrant qualified for induction, however, because of his belief that only localized, and not generalized reactions were exempting. The court·found the induction to have been improper because Army regulations clearly required exemption for generalized allergic reactions of the type verified by the Army doctor.

In *Kempf*, the court found that there was no disagreement between army and private physicians that the registrant suffered from diplopia. The applicable Army regulation called for disqualification upon a finding of "documented" diplopia. "Documented", in this sense, was found to be a legal, and not a medical term; therefore the court held that it could properly entertain the matter. The court clearly stated that if the controversy had concerned the existence of diplopia itself, it could not be so entertained.

█ Neither *Beckett* nor *Kempf* is applicable to the instant case. There is no allegation that the examining physician was unaware of, misunderstood or misapplied a standard contained in the Army regulations. Nor is it contended that there is a crucial non-medical term in the applicable regulation which requires the court's consideration. There is, if we indulge in the presumptions previously referred to, a disagreement between physicians simply as to the existence of particular illnesses. Such an issue may not be considered by the court under the circumstances of this case.

Therefore, it is ordered that the respondents' motion to dismiss be and hereby is granted; the petition is denied, and the action is dismissed.

It is also ordered that the restraining order previously issued in this case be and hereby is vacated.

It is further ordered that the petitioner be and hereby is remanded to the custody of the respondents pursuant to his induction order.