**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Lynn TYSON, Defendant-
Appellant.**

**No. 74–1226.**

United States Court of Appeals,
Fifth Circuit.

Nov. 15, 1974.

M. C. Mykel, Atlanta, Ga. (Court appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Gale McKenzie, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Pursuant to an induction notice, Michael L. Tyson reported for induction on June 17, 1971. Tyson was referred to a civilian psychiatrist, Dr. Charles Beall, whose report stated in part: "He is correctly oriented. No hallucinations or delusions can be elicited. Memory, insight and judgment are good." Dr. Beall concluded that Tyson was "Qualified." Tyson was then ordered to submit to induction on June 22, 1971, but he refused. He was indicted and arrested; but because of negotiations between his attorney and the United States Attorney, he again reported for induction on July 12, 1973. Tyson submitted a letter from Dr. Lawrence Brannon, a psychiatrist, stating that he suffered from a schizoaffective disorder and was unfit for military service. He was at this time declared unfit by the Armed Forces Examining and Entrance Station. Tyson was then prosecuted.

Because a question arose as to Tyson's mental capacity to understand the proceedings against him, the trial court appointed Dr. E. Marston Rascoe to conduct a psychiatric examination. Although Dr. Rascoe found schizoid traits, Tyson was found competent to stand trial. The trial court ruled that testimony of Drs. Brannon and Rascoe to the effect that Tyson was not qualified for military service was inadmissible. Tyson was convicted of refusing to submit to induction, 50 U.S.C. App. § 462, and was given a probated sentence.

Factfinding for purposes of Selective Service classification is committed to the administrative process, and judicial review is limited to determining whether there is a "basis in fact" for the administrative finding. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). Such a strict standard is likewise applicable to the analogous situation of factfinding for purposes of qualification for induction. Absent usual circumstances the courts will not inquire into an inductee's physical fitness. United States v. Shunk, 438 F.2d 1204 (9th Cir. 1971); United States v. Haifley, 432 F.2d 1064 (10th Cir. 1970).

In United States v. Wilson, 478 F.2d 475 (9th Cir. 1973), the court held that arbitrary action by AFEES will warrant a court's taking corrective action. In that case the government conceded that the examining psychiatrist was unaware of medical standards controlling the acceptability of registrants. However, Tyson has shown no such unawareness on the part of Dr. Beall. Ty-

**1370**

son shows simply that two psychiatrists who examined him two years later found him to be unqualified at that time, and one of those suggested that he might have been unqualified for military service in 1971. Such a showing falls short of Tyson's burden to show arbitrariness on the part of Dr. Beall. A mere difference of medical opinion is not sufficient. The government showed that there was a basis in fact for finding Tyson qualified for induction in 1971 when the offense was committed.

Affirmed.