**John E. BURKE, Petitioner-Appellant,**

**v.**

**The UNITED STATES and the United States Army, etc., Respondents-Appellees.**

**No. 74-1196.**

United States Court of Appeals, Seventh Circuit.

Heard Nov. 15, 1974.

Decided Jan. 16, 1975.

---

Robert E. Henke, Neenah, Wis., for petitioner-appellant.

William J. Mulligan, U. S. Atty., D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for respondents-appellees.

Before BARNES, Senior Circuit Judge,* and CUMMINGS and TONE, Circuit Judges.

* Senior Circuit Judge Stanley N. Barnes of the Ninth Circuit is sitting by designation.

PER CURIAM.

This appeal is from the denial of a petition for writ of habeas corpus. The verified petition shows that Burke was inducted into the United States Army on June 14, 1973. At the Armed Forces Entrance and Examining Station in Milwaukee, Wisconsin, he supplied the examining physicians with reports of four private physicians purportedly showing that he suffered from allergic rhinitis and bronchial asthma. Burke alleged that his induction was unlawful because it was contrary to those Army Regulations which specifically prohibit the induction of men who suffer from "chronic atrophic rhinitis" or, under certain circumstances, "bronchial asthma."[1] He further alleged that there was "no basis in fact" for the Army physicians' finding that he was fit for active duty.

On the following day, the district court enjoined respondents from removing petitioner from the jurisdiction of the court until a judicial decision could be made. The respondents filed a motion to dismiss the petition for writ of habeas corpus on its merits. In an accompanying brief, they stated that the doctors at the Armed Forces Entrance and Examining Station considered Burke fit for military service and therefore certified him as acceptable.

In a decision and order reported at 371 F.Supp. 349 (E.D.Wis.1974), the district court granted the respondents' motion to dismiss, vacated the prior restraining order and remanded Burke to the custody of the respondents pursuant to his induction order. However, the court granted an injunction which prevented the Army from exercising control over Burke pending a determination of this appeal.

In his decision, the district judge noted that Burke had not presented to the court the reports of his four private physicians supposedly demonstrating that he has allergic rhinitis and bronchial asthma. Next, the court held that Burke

1. See text of regulations *infra.*

was required to exhaust his administrative remedies within the Selective Service System, citing United States ex rel. Taylor v. Fritz, 446 F.2d 36 (8th Cir. 1971). In that case, the Court of Appeals noted that Taylor had appealed the ruling of the Armed Forces Entrance and Examining Station doctor that he was physically acceptable for induction to the Surgeon General, who affirmed that ruling before Taylor applied for a writ of habeas corpus.[2] The *Taylor* case is relevant to show that Burke could have appealed his medical acceptability to the Surgeon General, but inasmuch as respondents have abandoned the exhaustion doctrine as a ground for affirmance, we do not consider whether he was required to do so.

Apart from the exhaustion rule, the district judge determined that Burke's petition must be dismissed because there was "a disagreement as to the existence or degree of the petitioner's claimed maladies between the army's doctors and the petitioner and, presumptively, his doctors." The court held that it should not resolve these conflicting views because a court should not review the discretionary judgment of military officers made within the scope of their authority, citing Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842.

 The following Army Regulations provide the pertinent "causes for rejection" applicable to inductees during peacetime: [3]

"a. *Allergic Manifestations.*

(1) Allergic rhinitis (hay fever). See paragraph 2-38.

(2) Asthma. See paragraph 2-26b." (¶ 2-39)

\* \* \* \* \* \*

"a. *Allergic manifestations.*

(1) Chronic atrophic rhinitis.

(2) Hay fever if severe; and if not controllable by antihistamines or by desensitization, or both." (¶ 2-28)

\* \* \* \* \* \*

"b. *Bronchial asthma,* except for childhood asthma with a trustworthy history of freedom from symptoms since the 12th birthday." (¶ 2-26b) [4]

Under these regulations Army doctors must decide whether the claimed maladies actually exist and must also make discretionary evaluations, such as whether there is a "trustworthy history of freedom from symptoms [of bronchial asthma] since the 12th birthday," whether the rhinitis is chronic and whether the hay fever is controllable by antihistamines or desensitization. Because these regulations require such discretionary medical evaluations, a court cannot properly review the Army doctors' findings and make its own fact-finding as the arbitrator of differing medical opinions. Byrne v. Resor, 412 F.2d 774, 775 (3d Cir. 1969); see Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842. Absent some highly unusual circumstance, the courts are not permitted to inquire into a registrant's physical fitness. United States v. Sowul, 447 F.2d 1103, 1105 (9th Cir. 1971), certiorari denied, 404 U.S. 1023, 92 S.Ct. 698, 30 L.Ed.2d 672; United States v. Shunk, 438 F.2d 1204, 1204–1205 (9th Cir. 1971). We hold that presentation of the opinions of private physicians, which are contrary to those of the induction center's doctors, is not such a "highly unusual circumstance."

---

**2.** Taylor did not appeal his I–A classification to the Selective Service Appeal Board and to that extent had failed to exhaust his administrative remedies. However, the district court and the 8th Circuit considered the merits and decided there was a basis in fact for his I–A classification and that he suffered no denial of due process.

**3.** Army Regulation 40–501, Chapter 1, Section II, paragraph 1–3, explains the effect of the presence of a "cause for rejection." It provides in pertinent part:

"b. *Medically unacceptable.* Medical examiners will report as 'medically unacceptable' by reason of medical unfitness all individuals who possess any one or more of the medical conditions or physical defects listed in this regulation as a cause of rejection \* \* \*."

**4.** These paragraphs appear in Chapter 2 of Army Regulations 40–501, Sections XIII, XIV and XIX.

Petitioner relies primarily on United States v. Beckett, 457 F.2d 785 (9th Cir. 1972), and Kempf v. Commanding Officer, Fort Des Moines Examining and Entrance Station, 339 F.Supp. 320 (D.Ia. 1972). In *Beckett,* the examining physician erroneously believed that a generalized allergic reaction to insect bites or stings was not a "cause for rejection." Because the examining doctor misapplied the regulations, Beckett's conviction for refusal to submit for induction was reversed. In *Kempf,* a civilian doctor under contract to the Army found petitioner fit despite his contention that he suffered from strabismus coupled with documented diplopia, which together constitute a "cause for rejection." The district court held that the examining doctor misapplied the term "documented diplopia" because he misunderstood the meaning of "documented." The court reversed the finding of fitness, but made it clear that it could do so only because the doctor misapplied the regulation and because "documented" is a legal, rather than medical, term, stating:

> "The Government has moved to dismiss Kempf's petition, asserting that the matter of physical examination is a determination made by the military and is not subject to review. The Court notices that there are several federal cases containing language to the effect that courts are not permitted to inquire into a registrant's physical fitness or into decisions of Army medical examiners and that a letter of a private physician contrary to the Army's findings is not enough to trigger court inquiry. [Citations omitted.] Insofar as these decisions deal with inquiry into discretionary judgments made by Army medical examiners, this Court agrees with them. It has long been held that federal courts cannot review the discretionary judgment of a military officer made within the scope of his authority. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). Thus, if the question before the Court was whether Kempf had strabismus, the Court would be compelled to defer to the judgment of the Army medical examiners, at least if there was a basis in fact for that decision. See United States v. Hansen, 327 F.Supp. 1090 (D.Minn.1971). Of course, the medical examiners indicate that Kempf has strabismus. The issue, then, is whether Kempf has 'documented diplopia.' This is not a pure medical question. Rather, it is a legal question, since the term documented is a legal, not a medical, term. The Court knows of no case holding that a federal court must defer to the judgment of the Selective Service System or the Army's medical examiners when the issue involved is a legal issue." (339 F.Supp. at 326.)

Burke has not alleged that the examining doctors misapplied the regulations, nor has he pointed to any legal terms in the pertinent regulations which were misinterpreted. Thus *Beckett* and *Kempf* are distinguishable. Burke claims to have certain "causes for rejection", the Army's doctors disagree. In the absence of an allegation that the Army's doctors misunderstood the regulations, the district court correctly refused to review their discretionary judgment.

Order affirmed.